STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. VIRGINIA L. MUSGRAVE, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Law Division (Criminal)

Decided May 30, 1979.

*Mr. Duane O. Davison,* attorney for appellant.

*Mr. Alexander D. Lehrer,* Monmouth County Prosecutor, attorney for respondent (*Mr. Paul J. Feldman,* of counsel).

WICHMANN, J. S. C. This matter was heard by the court on March 23, 1979. The hearing was set down to afford the State and defense an opportunity to bring expert testimony as to the scientific reliability of the K–55 Speed Detection Device. This procedure was followed pursuant to the guidelines set forth by the Appellate Division of Superior Court in *State v. Boyington,* 153 *N. J. Super.* 252 (App. Div. 1977).

A synopsis of the history of this case is as follows. Virginia L. Musgrave was issued a summons on September 22, 1978 for speeding 68 miles an hour in a 45 mile an hour zone. She was found guilty of a violation of *N. J. S. A.* 39:4–98 in the Municipal Court of Howell Township on January 3, 1979. The only proof of the speed presented by Patrolman Richard E. Healy, Jr. was that he was operating the K–55 radar machine and clocked the vehicle with this device, fixing it at 68 miles an hour.

Defense counsel objected to the admissibility of the radar readings on the grounds that the K–55 had not been judicially recognized, nor was there an expert witness who testified to its scientific reliability. Defendant was found guilty and appealed.

On appeal to this court the State did, on notice, accept the opportunity to present expert testimony. *State v. Boyington, supra.* The matter was duly set down for hearing,

confining the testimony to proofs of the scientific reliability of the machine and such counter-testimony as defendant might offer.

The State offered testimony of Edward Walker Sergent, vice-president of MPH Industries, Inc., the manufacturer of the K-55 Speed Detection Device. His qualifications included his initial practical training in the field of radar and electronics. He stated that he had been involved in this field and in design for approximately 15 years. He was also in charge of sales for this corporation as they dealt with police radar units for the past five years. He testified that he worked with the engineering and development division of the company in the design, preparation and completion of this K-55 radar instrument.

His practical training commenced in 1943 when he was trained as an aerial gunner and operator of radar in the Navy. There he was trained in the use and repair of aviation fire control, naval electronics, mine warfare and ordinance explosive disposal. He worked on devices and sensors used to detonate these explosives.

He has over the past 15 years lectured at numerous local and State Police academies as well as at Northwestern University, dealing with the use of radar in speed detection devices.

Sergent has qualified as an expert in approximately 20 courts throughout the various states and has received certification from the United States Navy as to the operation and repair of radar units and devices of similar types. He also assisted in the design of the TR-6 and MR-7, both of which are stationary radar devices manufactured and sold by his company and in use today.

The witness testified that the K-55 Speed Detection Device is about four years old. There are presently within the State of New Jersey 600 units in operation and more than 8,000 in use throughout the country. He stated that the K-55 works upon the Doppler principle of radar — that is, that microwaves transmitted by this machine travel at an

exact speed under all conditions. They will return to the emitting machine when they strike a solid object, at the same speed as they emitted, except that if the object is moving the speed will be accelerated by the speed of the moving object. The machines presently in use, and particularly the K–55, is a refined development of the simple and basic radar machines of the 1950s and earlier.

The K–55 is described as a dual filter channel subtractive moving radar. It should be pointed out that for purposes of admissibility and recognition of this testimony of a qualified expert, this K–55 is a radar machine operating on the Doppler principle and that would be sufficient for its admissibility in our courts. See *State v. Boyington, supra.*

The distinguishing feature of the K–55 radar is that it is capable of accurately detecting the speed of a moving vehicle when the police vehicle is also in operation. This is the reason for its description as a dual filter channel device. Its principle is that along with detecting the speed of the returning signal it is capable of calculating the speed of the police or mother vehicle and subtracting the two to bring about the accurate speed of the target vehicle. It transmits a signal from the police car that is unobstructed by the windshield.

This particular device has two separate readouts: the first is the speed of the police vehicle from which the device is operated, and the second represents the total computation of the factors heretofore mentioned which ultimately results in the speed of the target vehicle.

It has relatively simple testing mechanisms. The first is a series of tuning forks that are designed to emit high frequency sounds which represent speeds of 50 to 60 miles an hour, or other multiples of ten. The turning on of the machine has a self-checking device; if the light does not register the machine is not functioning.

One of the simple and basic elements of this machine that make it somewhat different from others is that by giving the machine the ability to have dual readouts, including the

computing of the speed of the police vehicle, the officer can check the device by merely reading his speed on the device and checking it with his calibrated speedometer in the vehicle. The device is so designed that if, for any reason, the machine is so affected by outside forces, sounds or interference that an improper signal is being accepted into the machine, it will affect not only the readout of the target vehicle but also the second readout, that is, the police vehicle. By checking that with the speedometer it clearly alerts the officer when such a condition exists that the readout is inaccurate.

The machine is designed to separate and filter the true returning Doppler signal from the ambient electrical or mechanical noises that may be present in the atmosphere. The witness stated that the components are most efficient in eliminating all possible interference. In the event that abient signals of an electrical nature are accepted by the machine and not screened out, the machine emits a screeching type noise which is clearly discernible and immediately warns the operator to reject any reading while the noise exists.

A characteristic of the machine is that if it is interfered with by outside forces the readout will be extremely high and therefore easy to detect and disregard since the officer has his own speed reading on the radar device which will also be noticeably increased. The witness referred to these high readings as being so high that the trained police officer would immediately have sufficient common sense to disregard them totally.

The witness testified that the scientific reliability of the K–55 is accurate to plus or minus one mile an hour.

The training of an operator, according to the witness, can be on the basis of no more than one to two hours and a recommended two weeks on the road with this device and an experienced operator, so that he is capable of using the radar device and of recognizing any ambient noises or signals within the machine indicating an improper reading. He

stated that the margin of error with a qualified operator is nil.

Accordingly, this court is satisfied from the testimony as offered that the K–55 is a scientifically reliable machine for the detection of speed. As has been established by the evidence, this device is admissible on the basis of *State v. Dantonio*, 18 *N. J.* 570 (1955), since it functions on the Doppler principle. In addition, it is scientifically reliable in and of itself, as previously set forth herein, by reason of its being a radar device with a dual readout enabling the police vehicle to verify the accuracy of the information from the target vehicle.

Defense counsel asked certain fact questions of the expert witness dealing primarily with the officer's knowledge of the use of the K–55. Having read the officer's testimony the court is satisfied that he was competent as stipulated to operate the machine having been properly trained to do so. In addition, he made what the court determined to be a routine reading on the machine and it was an accurate reading.

This court therefore finds that the defendant Virginia L. Musgrave was guilty of speeding 68 miles an hour in a 45 mile an hour zone. Defendant is fined $20; costs below are $10; costs of appeal $15.