171 N.J. Super. 477 (1979)
410 A.2d 64
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
VIRGINIA L. MUSGRAVE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 26, 1979.
Decided December 13, 1979.
*478 Before Judges BISCHOFF, BOTTER and DWYER.
Kaye & Davison, attorneys for appellant (Duane O. Davison, of counsel and on the brief).
Alexander D. Lehrer, Monmouth County Prosecutor, attorney for respondent (Mark P. Stalford, Assistant Prosecutor, of counsel and on the brief).
PER CURIAM:
Defendant Virginia L. Musgrave appeals her conviction for speeding (N.J.S.A. 39:4-98). She was charged in a summons with driving 68 m.p.h. in a 45 m.p.h. zone in Howell Township. A trial was held in the Howell Township Municipal Court, where the proceedings were recorded by sound-recording equipment. R. 7:4-5. The arresting police officer was the only witness. He testified that he had measured defendant's speed at 68 m.p.h. with a speed measuring device known as K-55. Defendant objected to admission into evidence of the speed reading, pointing *479 out that the State had not proven the scientific reliability of the K-55, either by expert testimony or through judicial notice. The judge overruled the objection, admitted the evidence and found defendant guilty. Defendant appealed to the Superior Court. R. 7:8-1; R. 3:23-1 et seq.
On the return date of the appeal, over defendant's objection, the Superior Court judge granted the prosecutor's request for leave to present expert testimony regarding the scientific reliability of the K-55 unit. The State's witness described the unit in detail, identifying it as "a dual filter channel subtractive moving radar operating on the Doppler principle." The substance of his testimony is well summarized in the written opinion of the Superior Court judge, in which he concluded that the K-55 was scientifically reliable and that its speed readings were admissible into evidence. State v. Musgrave, 169 N.J. Super. 204 (Law Div. 1979). Defendant was again found guilty and appealed to this court.
Defendant argues that the Superior Court judge erred in permitting the State to supplement the municipal court record with evidence of the scientific reliability of the K-55 unit and that, inasmuch as that reading was the sole evidence of her speed, her conviction should be reversed. We agree. Under R. 3:23-8(a), with certain enumerated exceptions not applicable to these facts, when a verbatim transcript of the municipal court trial is available, the Superior Court review of the conviction is a trial de novo on the municipal court record. State v. Fariello, 71 N.J. 552, 560 n. 3 (1976); State v. Johnson, 42 N.J. 146, 157 (1964). Defendant was entitled to trial of the appeal on that record. State v. Horn, 120 N.J. Super. 203, 205-206 (App.Div. 1972).
In the absence of competent proofs as to the scientific reliability of the K-55, the speed measurement from that device should not have been admitted into evidence. State v. Boyington, 153 N.J. Super. 252 (App.Div. 1977). Without that reading there were no proofs as to defendant's speed, so that a judgment of *480 acquittal must be entered. State v. Tropea, 78 N.J. 309 (1978). It is immaterial that the Superior Court judge determined that the K-55 is scientifically reliable. See State v. Hanson, 85 Wis.2d 233, 270 N.W.2d 212 (Sup.Ct. 1978); State v. Shelt, 46 Ohio App.2d 115, 346 N.E.2d 345 (App.Ct. 1976), and State v. Wilcox, 40 Ohio App.2d 380, 319 N.E.2d 615 (App.Ct. 1974).
Reversed and remanded for entry of judgment of acquittal.