211 N.J. Super. 630 (1986)
512 A.2d 545
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIAM A. HARDY, SR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 11, 1986.
Decided July 7, 1986.
*631 Before Judges PRESSLER, DREIER and GRUCCIO.
Dominick C. Santini attorney for appellant.
Howard A. McGinn, Warren County Prosecutor, attorney for respondent (Frank J. Bucsi, Assistant Prosecutor, on the brief).
The opinion of the court was delivered by: GRUCCIO, J.S.C. (temporarily assigned).
*632 Defendant William A. Hardy, Sr., appeals from his de novo conviction in the Superior Court, Law Division, for drunk driving, N.J.S.A. 39:4-50.
On appeal he alleges:
1. The breathalyzer results were improperly admitted into evidence.
2. The State failed to prove defendant was under the influence.
3. The hearing as conducted violated defendant's procedural and substantive rights.
4. Defendant's constitutional rights were violated.
(a) Double Jeopardy.
(b) Defendant's right to be present at all stages of the proceeding including the rehearing.
At trial, the State's evidence revealed that on October 13, 1983, defendant was driving on Edison Road, White Township, Warren County, and collided with a bridge abutment causing his vehicle to land on its roof in a nearby brook. The arresting state trooper, Bryan Peter Dailey, testified that defendant said he swerved to avoid hitting a deer. This trooper noticed a strong odor of alcoholic beverage in defendant's breath. No physical tests were performed at the scene because defendant would not cooperate. Transported to the police station, defendant allegedly swayed, lost his balance and spoke with slurred speech. Finally, Trooper Dailey opined that defendant was under the influence of alcohol.
At the station, Trooper Roland J. Mushala, a breathalyzer operator, completed an alcohol influence report and administered breathalyzer tests resulting in two readings of 0.19% blood alcohol content.
At trial, there being no attorney to represent the interests of the State, the municipal court judge presented the State's case and admitted into evidence two breathalyzer inspection certificates after the following colloquy:
THE COURT: Any objection to the inspection reports of the breatholyzer [sic]?

*633 MR. SANTINI: I just was wondering why  I see no relevance for part of this. It has another serial number than the machine we're dealing with I believe.
THE COURT: As to what they show, I'm admitting them into evidence.
After hearing the remaining testimony, the court found defendant guilty and imposed sentence.
On appeal to the Superior Court, Law Division, defendant raised, inter alia, the fact that the serial number on one breathalyzer inspection certificate in evidence differed from that of the machine used. The Law Division judge sua sponte remanded the matter to the municipal court for the limited purpose of allowing the State to supplement its case by the introduction into evidence of the correct inspection certificate.
The first scheduled hearing on remand was postponed by the municipal court judge to permit him to review the record. When neither defendant nor his attorney appeared on the rescheduled date the municipal court judge called the attorney's home and office and when he received no answer, proceeded to take additional testimony without the prosecutor, defense counsel or defendant present. An apparently correct breathalyzer inspection certificate was admitted into evidence, and the municipal court judge confirmed his prior findings that the breathalyzer machine was in proper working order and the tests admissible.
After a second de novo hearing was held in the Superior Court with a record including the results of the municipal court remand hearing, the Law Division judge found defendant guilty. We find the procedure used here to have been constitutionally improper and reverse.
In addressing the procedural improprieties we first observe that the Law Division judge on the first appeal violated the requirements of R. 3:23-8(a) that the matter be heard "de novo on the record." Although the rules permit supplementation of the municipal court record, the circumstances in which the supplementation is permitted are narrowly prescribed. In order *634 to admit new evidence, the Law Division judge is required to find that either:
(1) the municipal court erred in excluding evidence offered by the defendant,

(2) the state offers rebuttal evidence to discredit supplementary evidence admitted hereunder, or (3) the record being reviewed is partially unintelligible or defective. [R. 3:23-8(a)].
Nowhere in the rule is the State given the right to correct or bolster its case in chief; rather it may only respond to evidence admitted by defendant under the rule. See State v. Musgrave, 171 N.J. Super. 477 (App.Div. 1979); Pressler, Current N.J. Court Rules, Comment R. 3:23-8 (1986). Thus the initial remand was improper. Defendant was clearly entitled to a trial of the appeal on the original record. State v. Musgrave, supra, 479; State v. Horn, 120 N.J. Super. 203, 205-266 (App.Div. 1972).
It is likewise clear that the breath test results were not admissible in the first municipal court trial based on the original record since there was no showing that the breathalyzer machine was inspected prior to defendant's test and certified to be in proper working order. A subsequent inspection showed the machine to have a malfunction. Consequently a proper foundation was not laid to consider the breathalyzer results as reliable. Breathalyzer results are not admissible without foundation testimony that (1) the test was properly administered, (2) the equipment was in proper order and (3) the operator was qualified. State v. Johnson, 42 N.J. 146 (1964). Clearly, a hearing on the original record in the Superior Court required the exclusion of the breathalyzer results and consideration of the case solely on the remaining testimony.
We are compelled to comment on the manner in which the municipal court judge conducted both the original hearing and the hearing on remand. As we indicated, the record reveals confusion over the rescheduled date. Both defendant and his attorney appeared on the next day for the hearing. When the municipal court judge conducted the remand hearing without defendant or his attorney, the defendant's right to be *635 present in the courtroom at every stage of his trial was violated. R. 7:4-4(a); State v. Boiardo, 111 N.J. Super. 219, 243-244 (App.Div. 1970). The statement in State v. Wiggins, 158 N.J. Super. 27, 31 (App.Div. 1978), that "[w]hat we observe in this record is not a trial but an ex parte, nonadversarial, in absentia proceeding, not unlike a grand jury presentation", is equally applicable here. When counsel and defendant did not appear the judge should have adjourned the case and inquired into the reason for the non-appearance. His conduct of the hearing in absentia clearly violated our court rules, case law and the Constitutions of New Jersey and the United States. R. 7:4-4(a); U.S. Const., Amend. VI; N.J. Const. (1947), Art. I, par. 10. The presence of the State's witnesses as justification for proceeding pales to insignificance in face of the blatant violation of defendant's rights.
There is no mandate that all cases in the municipal courts be prosecuted by an attorney representing the interests of the State. R. 7:4-4(b) permits the municipal court judge to request "the Attorney General, county prosecutor, municipal court prosecutor, or municipal attorney, as the case may be" to appear in court and conduct the prosecution of any action. The appearance of impartiality of the court is seriously eroded when a case is prosecuted by a judge who is also the ultimate fact finder. The record in this case demonstrates the need for such representation in a case with complexities and serious consequences.
Neither the municipal court judge nor the Law Division judge made findings independent of the breathalyzer. We repeat here Judge Simpson's recent statement in State v. Sisti, 209 N.J. Super. 148 (App.Div. 1986):
For guidance in the future of municipal court judges, however, we note that in N.J.S.A. 39:4-50 cases where there are proofs of guilt, with and without breathalyzer readings, the judge should make findings and conclusions on both bases. Failure to do so is unfair to defendants, the State, the attorneys and the Appellate Courts. Curtis v. Finneran, 83 N.J. 563, 569-570 (1980).
*636 This matter is remanded to the Superior Court, Law Division for determination on the facts independent of the breathalyzer evidence and in accordance with this opinion.
Reversed and remanded.