261 N.J. Super. 458 (1993)
619 A.2d 257
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LAUREN SPARKS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 4, 1993.
Decided January 27, 1993.
*459 Before Judges JAMES H. COLEMAN, ARNOLD M. STEIN and CONLEY.
Jeffrey Evan Gold, P.C., attorney for appellant (Jeffrey Evan Gold on the letter brief).
Edward F. Borden, Jr., Camden County Prosecutor, attorney for respondent (Frederick H. Martin, Assistant Prosecutor, of counsel and on the letter brief).
The opinion of the Court was delivered by ARNOLD M. STEIN, J.A.D.
We granted leave to appeal from the Law Division judge's order reversing defendant's municipal court conviction for the disorderly persons offense of possession of less than fifty grams of marijuana, N.J.S.A. 2C:35-10a(4), and remanding the matter to the municipal court for a new trial. We reverse and remand to the Law Division for entry of a judgment of acquittal.
When the case was first scheduled for trial in the municipal court on March 16, 1992, defense counsel moved to dismiss the complaint because the State had not supplied the defense with the required discovery materials pursuant to R. 7:4-2(h), 3:13-2 and 3:13-3. Over defendant's objection, the case was adjourned to April 6, 1992, at the State's request.
*460 On the adjourned date, defense counsel objected to receiving the discovery materials just before trial. The judge ruled that defendant was not prejudiced by late delivery of the discovery documents. He gave defense counsel forty-five minutes to present more evidence of prejudice or proceed to trial. Defendant's attorney elected to go to trial so long as the State would proceed "without any other surprises...." When the judge asked the prosecutor whether he planned to present "anything outside of discovery that ... would have been discoverable," the prosecutor replied in the negative. However, he then added that he assumed that "there's no objection to the lab report." Defense counsel immediately objected to the laboratory report's admission into evidence as untimely. The municipal court judge eventually permitted the laboratory report, an analysis of the substance suspected to be marijuana, to be placed in evidence.
On de novo appeal to the Law Division, the judge held that the laboratory report was improperly admitted. That ruling was correct. A certificate of the laboratory report results cannot be admitted into evidence unless notice of the proposed proffer, together with a copy of the certificate and all reports relating to the analyzed substance, are provided to the opposing party at least twenty days before the beginning of a criminal or quasi-criminal proceeding. N.J.S.A. 2C:35-19c. The time limits of the statute cannot be relaxed except upon a showing of good cause. Ibid.
Exclusion of the laboratory certificate left the State without proof necessary to sustain a conviction. However, the judge did not acquit defendant. Instead he remanded the matter to the municipal court for retrial. The judge explained in a letter filed with this court pursuant to R. 2:5-1(b):
The Court found that the laboratory report should not have been admitted at the trial because the State failed to comply with 2C:35-19(c) and remanded the matter for a new trial to allow the State an opportunity to submit the laboratory report to the defendant and his counsel prior to trial and give the *461 defendant an opportunity to object. The Court also instructed the Municipal Court to entertain the defendant's motion for costs in this matter.
The Court did not rule that the laboratory report should be permanently barred from evidence and did not make any final ruling on the merits of this case. The Court merely remanded the matter back to the Municipal Court so that there could be a full hearing and the case adjudicated on its merits.
That ruling was incorrect. The procedure violated the requirements of R. 3:23-8(a) that the appeal from the municipal court must be heard de novo on the record below. As we pointed out in State v. Hardy, 211 N.J. Super. 630, 512 A.2d 545 (App.Div. 1986),
Nowhere in the rule is the State given the right to correct or bolster its case in chief; rather it may only respond to evidence admitted by defendant under the rule.... Thus the initial remand was improper. Defendant was clearly entitled to a trial of the appeal on the original record.

[Id. at 634, 512 A.2d 545 (citations omitted).]
The hearing in the Law Division required exclusion of the lab certificate and consideration of the case solely on the remaining testimony. Id. Accord State v. Musgrave, 171 N.J. Super. 477, 479, 410 A.2d 64 (App.Div. 1979).
We reject the State's contention that the Law Division judge properly remanded the matter for retrial in the municipal court under authority of that language in R. 3:23-8(a) which permits a remand or plenary trial de novo where "it shall appear that the rights of either party may be prejudiced by a substantially unintelligible record or that the rights of defendant were prejudiced below. ..." (Emphasis added). We need not consider all circumstances under which prejudice to these rights of defendant require remand or de novo plenary hearing. The provision is doubtless meant to apply in such instances as where the municipal court erred in excluding evidence offered by the defendant, State v. Hardy, supra, 211 N.J. Super. at 633-34, 512 A.2d 545; or where defendant was entitled to but was not represented by counsel in the municipal court, Rodriguez v. Rosenblatt, 58 N.J. 281, 295-96, 277 A.2d 216 (1971). It surely is not intended to provide the State with a second *462 opportunity to plug holes in a case deficient of proof beyond a reasonable doubt.
We distinguish this case from State v. (Jackie) Williams, 226 N.J. Super. 94, 108-09, 543 A.2d 965 (App.Div. 1988), where we held that double jeopardy does not preclude a retrial in a criminal case when the trial court erroneously admitted evidence offered by the prosecution. Unlike Williams, this case involves an appeal from a municipal court conviction, and R. 3:23-8(a) requires the Law Division judge to examine the sufficiency of the evidence and to make a new determination of guilt or innocence based on the record below. If the evidence excluded by the Law Division is necessary to sustain defendant's guilt, defendant must be acquitted. State v. Hardy, supra, 211 N.J. Super. at 634, 512 A.2d 545; State v. Musgrave, supra, 171 N.J. Super. at 479-80, 410 A.2d 64.
Reversed and remanded to the Law Division for entry of a judgment of acquittal.