60 A.3d 493

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. BRUNO GIBSON, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued August 27, 2012—Decided February 7, 2013.

Before Judges ALVAREZ, NUGENT and OSTRER.

*George R. Szymanski* argued the cause for appellant.

*Jason Magid, Assistant Prosecutor,* argued the cause for respondent (*Warren W. Faulk, Camden County Prosecutor,* attorney; *Mr. Magid,* of counsel and on the brief).

The opinion of the court was delivered by

OSTRER, J.A.D.

This appeal presents the issue whether a court, sitting as factfinder in a quasi-criminal matter, may without defendant's consent, rely upon the evidence heard in a pre-trial suppression hearing as proof of guilt in the trial on the merits. We hold it may not and therefore reverse defendant's conviction for driving while under the influence (DUI), *N.J.S.A.* 39:4–50, which was entered solely on the basis of evidence elicited at a pre-trial hearing to suppress the fruits of the stop and subsequent arrest.

I.

Defendant Bruno Gibson asserted the police lacked reasonable suspicion to stop his motor vehicle, and lacked probable cause to arrest him for DUI. At the suppression hearing conducted on May 26, 2010 in municipal court, Winslow Township Police Patrolman Carl Mueller testified he stopped defendant shortly after 4:00 a.m.

on November 17, 2007, after defendant passed the officer's police vehicle. Officer Mueller testified defendant was traveling at a "high rate of speed," and failed to use his turn signal.

The officer detected an alcoholic beverage odor, and defendant admitted he had been drinking. Defendant exited his vehicle and submitted to field sobriety testing. The officer said defendant performed poorly on the one-legged stand, and the walk-and-turn test. The officer decided to arrest defendant, but defendant resisted. Officer Mueller required other officers' assistance, and the use of pepper spray, to subdue defendant. Officer Mueller believed defendant "was intoxicated" based on his failure to perform the two field sobriety tests, and the odor of alcoholic beverages.

The hearing continued on October 27, 2010, when the defense introduced video footage of the stop. Defense counsel and the prosecutor sharply disagreed about whether the video supported Officer Mueller's description of defendant's performance on the field sobriety tests.

We discern the following from our review of the video, which in part had no sound. Defendant, a tall, large man, appeared unsteady on his feet, but did not stumble as he walked to the rear of his car. He did not keep his leg aloft for more than a few seconds during the one-legged-stand test, but appeared not to deviate from a straight line in the walk-and-turn test. After defendant took a few steps towards Officer Mueller, and then turned his back to continue the test, the officer placed a handcuff on defendant's left wrist. Defendant prevented the officer from attaching the right handcuff.

The audio then commenced as another officer appeared on the scene to assist Officer Mueller. The two officers forced defendant against the trunk of his car, and succeeded in placing the handcuffs on him. They escorted him and then forcibly placed him against the patrol car's hood. Although defendant then fell out of the camera's view, the officers can be heard repeatedly asking defendant to get into the car, and it appeared he did not. After one officer said he would take defendant to the ground, the sounds

reflected that he did so. The audio recorded defendant state the officers were hurting his back, he had a bad back, and he "didn't do nothing."

The municipal court found there to be probable cause for the stop based on defendant's speed. The court also found probable cause to arrest, stating:

> With regard to the second prong of the motion, ... on the first test, the one leg stand, ... I saw the defendant lift his leg up and then quickly put it down. He did not hold for 20 seconds.... I would say it was more like two seconds[.] He never walked the heel-to-toe.
>
> It looked like he was attempting to walk heel-to-toe, but he wasn't successful at all with that, ... he took four steps and then stopped. He failed.
>
> The resisting arrest ... comes into play, not that he was charged with it, but it appeared as though Mr. Gibson was not able to understand the instructions he was given. Maybe he didn't understand the instructions on the—the psychophysicals, but he clearly couldn't do it, and the—that entire incident involving his refusal or inability to get into the vehicle, he was taken into custody, and the—the instructions were clear, get into the vehicle, and how long did that take?
>
> I think that there is sufficient probable cause for the State to proceed with the—the charge of driving while intoxicated[.]

Having denied the motion to suppress, the court then discussed having a trial on the merits:

> THE COURT: Reckless driving stands, and the failure to signal. I find that there is probable cause for those charges. We ready to start the trial?
>
> MR. SZYMANSKI [Defense Counsel]: Yes, Your Honor.
>
> THE COURT: Now, Mr. Prosecutor, in addition to Officer Mueller, were there other officers that were being called?
>
> MR. ANDERSON [Prosecutor]: I don't think we need anyone else, Your Honor.
>
> THE COURT: Okay.

The prosecutor then inquired:

> MR. ANDERSON [Prosecutor]: Your Honor, I can probably short circuit this. I—the State has to concede we're going to have a problem actually getting the reading in itself. There was blood drawn, but unfortunately, it wasn't with our kit, and we don't really know who drew it. It was taken at the hospital. We do have a reading, but I'm going to concede, Judge, that we're not going to be able to get that reading in, and we would just rely strictly on the physical observations of the officer. I don't know if Your Honor needs more testimony on that or not, because, I mean, the officer—I did have him testify as to his training, what happened that—that evening. If Your Honor wants me to have him testify again, we can do that.

In response, the court did not expressly say whether it would rely on the suppression hearing testimony. Instead, the court turned to defense counsel, who moved to dismiss, in the absence of evidence in the trial on the merits:

THE COURT: Mr. Szymanski?

MR. SZYMANSKI [Defense Counsel]: We'd move for the dismissal of all the charges against him if there is not going to be any evidence presented in the case on behalf of the witness, it's not necessarily—in other words—

The court interrupted defense counsel mid-sentence. Without ruling on defense counsel's motion, or the prosecutor's inquiry whether additional evidence was needed, the court asked defense counsel if the evidence presented in the pre-trial hearing satisfied the State's burden of proof.

THE COURT: There is no evidence of a reading. The officer did testify that he smelled odor of alcohol, and as you and I well know and the Prosecutor knows, that does not establish guilt beyond a reasonable doubt.

So what I have before me at this juncture, I have the officer's testimony that he smelled the odor of alcohol. I have the—the failure of the defendant to perform the psychophysicals and then the demeanor of the defendant.

What I need to hear from you is whether or not you feel there is sufficient basis for the Court to find beyond a reasonable doubt that this defendant was intoxicated.

Defense counsel argued that the evidence of speeding, alcoholic beverage odor, and field sobriety tests were insufficient.

After hearing the State's responsive argument, the court without further discussion delivered its decision, finding defendant guilty of DUI, and failing to signal, and not guilty of reckless driving. The court relied on defendant's performance on the two field sobriety tests, and his post-arrest demeanor and behavior. The court sentenced defendant to a ninety-day license suspension; minimum fines, fees and costs; and completion of twelve hours at the Intoxicated Driver Resource Center. After sentencing, the court corrected an oversight by formally admitting the video into evidence.

At the trial de novo in May 2011, the Law Division judge distinguished *State v. Allan,* 283 *N.J.Super.* 622, 662 *A.*2d 1038 (Law Div.1995), which held that a municipal court should not rely

upon suppression hearing evidence in the trial on the merits unless defendant receives notice and consents. While recognizing that "the proceedings in the lower court did not follow the normal procedures," the court here held defendant did not object to the municipal court's procedure:

> While acknowledging neither party formally incorporated Officer Mueller's testimony in evidence, the Court notes that after a probable cause hearing defense Counsel did not object to the proceedings and made closing arguments based on testimony he now claims was not in evidence for trial.
>
> The Defendant raised no objection by defense Counsel, did not seek to introduce additional testimony, nor did he seek additional cross-examination.... The Defendant can not now rely on evidence, make arguments on said evidence and then subsequently deny the existence of that very evidence.

The court held "defense counsel was given wide latitude with regards to cross-examination," which exceeded the "scope of cross-examination in a probable cause hearing." The court also noted, "defense counsel even presented video of the stop ... during the probable cause hearing th[u]s challenging the Officer's credibility." The judge concluded defendant "failed to show he was prejudiced by the procedure."

The court found defendant guilty of DUI, relying on the video and evidence of defendant's odor of alcoholic beverage, admission of drinking, performance on the field sobriety tests, and combative behavior. The court imposed the same sentence as did the municipal court.

Defendant appeals his DUI conviction, and presents the following points for our consideration:

I. THE TRIAL COURTS ERRED IN FINDING THAT THE STATE HAD PROVED BEYOND A REASONABLE DOUBT THAT BRUNO GIBSON WAS GUILTY OF DWI

A. The State presented no evidence during the trial.

B. Even if the evidence admitted during the probable cause hearing is deemed to have been admissible evidence at the trial, the State did not have enough evidence to convict the defendant beyond a reasonable doubt.

## II.

### A.

In reviewing a trial court's decision on a municipal appeal, we determine whether sufficient credible evidence in the record

supports the Law Division's decision. *State v. Johnson*, 42 *N.J.* 146, 162, 199 *A.*2d 809 (1964). Unlike the Law Division, which conducts a trial de novo on the record, *Rule* 3:23–8(a), we do not independently assess the evidence. *State v. Locurto*, 157 *N.J.* 463, 471, 724 *A.*2d 234 (1999). However, we exercise plenary review of the trial court's legal conclusions that flow from established facts. *State v. Handy*, 206 *N.J.* 39, 45, 18 *A.*3d 179 (2011).

As a threshold matter, we discern insufficient grounds for the trial court's determination that defendant did not object to a trial based on the evidence at the suppression hearing. Defense counsel expressed his objection by moving to dismiss the charges if the State did not call Officer Mueller again in the trial on the merits. The municipal court did not rule on the motion, nor inquire whether defense counsel wished to call witnesses. Defendant was not obliged to decide whether to present a defense case, and to testify on his own behalf, until the State had presented its case. However, after defense counsel moved for dismissal, the municipal court invited closing argument, and asked defense counsel why the existing record did not prove defendant guilty beyond a reasonable doubt. Defense counsel responded, but did not consent to the court's procedure. After both counsel answered the court's question, the court delivered its decision.

The issue, then, is whether the court was empowered, over defendant's objection, to consider the pre-trial hearing evidence in the trial on the merits; and to proceed to closing argument without expressly asking defense counsel if he intended to call witnesses, including defendant. We conclude it was not.

### B.

We review first a DUI defendant's procedural rights. A DUI violation is neither a crime nor an offense under the Criminal Code; as a result, the Code's principles of liability do not apply, *State v. Hammond*, 118 *N.J.* 306, 318, 571 *A.*2d 942 (1990) (explaining that the involuntary intoxication defense is inapplicable to DUI prosecution), and a DUI defendant is not entitled to a trial

by jury. *State v. Stanton,* 176 *N.J.* 75, 101, 820 *A.*2d 637, *cert. denied,* 540 *U.S.* 903, 124 *S.Ct.* 259, 157 *L.Ed.*2d 187 (2003).

Nonetheless, the DUI defendant enjoys a broad array of procedural rights. The State must prove the elements of the violation beyond a reasonable doubt. *State v. Emery,* 27 *N.J.* 348, 353, 142 *A.*2d 874 (1958). The Rules of Evidence also apply. *N.J.R.E.* 101. Our Supreme Court recently affirmed a DUI defendant's right against self-incrimination. *State v. Stas,* 212 *N.J.* 37, 42, 50 *A.*3d 632 (2012). We have held DUI defendants enjoy the constitutional right of confrontation under the Sixth Amendment. *State v. Kent,* 391 *N.J.Super.* 352, 366, 918 *A.*2d 626 (App.Div.2007); *State v. Berezansky,* 386 *N.J.Super.* 84, 90 n. 4, 899 *A.*2d 306 (App.Div.2006), *certif. granted,* 191 *N.J.* 317, 923 *A.*2d 231 (2007), *appeal dismissed,* 196 *N.J.* 82, 951 *A.*2d 1036 (2008).[1] Principles of double jeopardy apply. *State v. Dively,* 92 *N.J.* 573, 586, 458 *A.*2d 502 (1983). Principles of fundamental fairness prevent the Law Division from increasing penalties imposed by the municipal court. *State v. Kashi,* 180 *N.J.* 45, 49, 848 *A.*2d 744 (2004). Given the significant consequences of conviction for DUI, an indigent defendant is entitled to an appointed attorney. *State v. Hrycak,* 184 *N.J.* 351, 362, 877 *A.*2d 1209 (2005); *R.* 7:3–2.

These specific rights coexist with a general right to procedural due process. "A municipal court proceeding is a quasi-criminal proceeding in which a defendant is entitled to due process of law. The essence of due process certainly requires that the parties have adequate notice and opportunity to know the State's evidence and to present evidence in argument and response." *State v. Garthe,* 145 *N.J.* 1, 8, 678 *A.*2d 153 (1996). The license to drive a vehicle is so significant that the State may not suspend or

---

[1] Our Supreme Court has twice expressly declined to reach the issue. *State v. Sweet,* 195 *N.J.* 357, 371 n. 9, 949 *A.*2d 809 (2008), *cert. denied,* 557 *U.S.* 934, 129 *S.Ct.* 2858, 174 *L.Ed.*2d 601 (2009); *State v. Chun,* 194 *N.J.* 54, 137 n. 41, 943 *A.*2d 114 (2007), *cert. denied,* 555 *U.S.* 825, 129 *S.Ct.* 158, 172 *L.Ed.*2d 41 (2008).

revoke it without affording a licensee the procedural due process right to notice and a fair hearing. *Bechler v. Parsekian*, 36 *N.J.* 242, 257, 176 *A.*2d 470 (1961) (addressing administrative license revocation); *see also In re Kallen*, 92 *N.J.* 14, 27–29, 455 *A.*2d 460 (1983) (administrative hearings involving license suspension must conform to notions of fundamental fairness).

### C.

Against the backdrop of these principles, we conclude the court's reliance on the evidence at the pre-trial hearing in the trial on the merits violated defendant's rights to procedural due process and fundamental fairness. It was unfair to rely upon the suppression hearing evidence in the trial on the merits because the two proceedings are designed to determine discrete issues and are governed by different rules.

While the trial on the merits determines a defendant's guilt, the suppression hearing determines the admissibility of evidence, based on the lawfulness of police conduct. *See N.J.R.E.* 104(a) (stating judge shall determine the condition precedent to admissibility of evidence); *R.* 7:5–2(a) ("The municipal court shall entertain motions to suppress evidence seized without a warrant in matters within its trial jurisdiction. . . ."). Specifically, in this case, the court determined there was a reasonable and articulable suspicion to justify the motor vehicle stop, and probable cause to arrest defendant for DUI. *See, e.g., State v. Pineiro*, 181 *N.J.* 13, 19–21, 853 *A.*2d 887 (2004) (comparing prerequisites for investigative stop and arrest).

The standards of proof differ. The State must prove guilt beyond a reasonable doubt, but must prove a reasonable and articulable suspicion to stop, and probable cause to arrest, by a preponderance of the evidence. *See, e.g., State v. Mann*, 203 *N.J.* 328, 337–38, 2 *A.*3d 379 (2010). A defense attorney may "save" evidence for trial if convinced it is not likely to defeat the State's lesser burden in the suppression hearing, but may engender reasonable doubt at trial.

Also, the suppression hearing may include evidence inadmissible in the trial on the merits. Evidence relevant to the lawfulness of police conduct may be irrelevant to the question of guilt. The Rules of Evidence do not apply in the suppression hearing, except as to *N.J.R.E.* 403 and claims of privilege. *N.J.R.E.* 104(a). Thus, unobjectionable evidence in the suppression hearing, such as hearsay, could be excluded in a subsequent trial.

Moreover, if a defendant chooses to testify at a suppression hearing, his statements may not be used at trial, unless he testifies at trial and gives conflicting testimony. Even then, his prior statements may only be used to impeach. *Simmons v. United States*, 390 *U.S.* 377, 394, 88 *S.Ct.* 967, 976, 19 *L.Ed.*2d 1247, 1259 (1968); *State v. Elkwisni*, 384 *N.J.Super.* 351, 392–93, 894 *A.*2d 1180 (App.Div.2006), *aff'd*, 190 *N.J.* 169, 919 *A.*2d 122 (2007). On the other hand, a defendant may choose not to testify at a suppression hearing for strategic reasons, yet testify in his own defense at trial. The right to testify is constitutionally protected, as is the right to remain silent. *State v. Savage*, 120 *N.J.* 594, 628, 577 *A.*2d 455 (1990).

A defense attorney's tactics, strategy, and proofs in a suppression hearing may differ markedly from those at trial. For example, in this case, evidence that defendant's poor performance on the field sobriety tests was due to a bad back, as opposed to intoxication, would have been relevant to the question of guilt, but irrelevant to whether the objective facts before the officer, who was unaware of defendant's back condition pre-arrest, constituted probable cause.

Similarly, defendant's post-arrest behavior was obviously not relevant to the issue of probable cause to arrest in the first place. Yet it was highly relevant to the issue of guilt of DUI. Indeed, both the municipal court and the Law Division relied on defendant's apparent reaction to arrest as evidence of intoxication. In a trial on the merits, the defense may have presented evidence to suggest defendant's behavior resulted not from intoxication, but the use of undue force against him.

The differences in the two proceedings also affect defense's cross-examination of State witnesses. Cross-examination in a suppression hearing is designed to counter the State's claim of reasonable and articulable suspicion to stop, and probable cause to arrest. Here, defense counsel had little reason to explore defendant's reaction to arrest. By foreclosing additional testimony from the officer at trial, the court limited defendant's right of confrontation.

We find support for our conclusion in the Law Division decision in *Allan, supra,* 283 *N.J.Super.* at 629–30, 662 *A.2d* 1038, where the municipal court incorporated in a DUI trial a police officer's suppression hearing testimony. The municipal court started the trial where the suppression hearing left off. Although the officer testified at the trial regarding additional matters, defense counsel was barred from cross-examining the officer regarding testimony from the suppression hearing. *Id.* at 625–28, 662 *A.2d* 1038. The Law Division held that the restriction on cross-examination infringed upon the defendant's constitutional right of confrontation, and his right to a fair trial, stating:

> By preventing defense counsel from cross-examining [the] Officer ... as to the testimony elicited during the motion to suppress hearing, without starting the trial anew, the trial judge infringed upon the defendant's constitutional right to confront the witnesses against him. The purpose of a motion to suppress is very limited and defense counsel may choose to cross-examine the witnesses only for that narrow purpose. To prohibit defense counsel from delving further into testimony elicited during the motion to suppress proceeding clearly denies the defendant a fair trial. Furthermore, the complications in this case are compounded by the fact that both counsel were unaware during the motion to suppress hearing that the trial judge intended to incorporate the testimony adduced into the actual trial.
>
> [*Id.* at 629, 662 *A.2d* 1038.]

The court here restricted defendant's rights more extensively. The State's witness did not testify again at all.

We recognize a trial court sitting as the fact-finder is presumed able to disregard inadmissible or irrelevant evidence. *State v. Kunz,* 55 *N.J.* 128, 145, 259 *A.2d* 895 (1969). However, it is quite a different task for the court to filter out evidence from the same proceeding, for the purposes of deciding a different

issue, particularly when counsel was not on notice of the court's plans, and did not preserve objections to evidence that would have been inadmissible in the trial on the merits.[2] *Cf. State v. Kern,* 325 *N.J.Super.* 435, 444, 739 *A.2d* 969 (App.Div.1999) (recognizing limits to trial judge's ability as fact-finder to disregard erroneously introduced and prejudicial evidence).

In sum, the court erred in relying on the suppression hearing evidence in the trial on the merits. In doing so, the court deprived defendant of his right to due process.

### D.

Excluding the suppression hearing evidence, the State presented no evidence in its case on the merits. The State had the burden of proof. Defendant was not obliged to put on a defense. Thus, the record evidence was insufficient to support the finding of guilt. Moreover, we may not remand to the municipal court to allow the State to supplement the record at a trial on the merits. *See State v. Sparks,* 261 *N.J.Super.* 458, 462, 619 *A.2d* 257 (App.Div.1993) (stating that the Law Division may not remand to permit the State to supplement the record); *State v. Hardy,* 211 *N.J.Super.* 630, 633–34, 512 *A.2d* 545 (App.Div.1986) (holding that the Law Division erred in remanding to permit State to supplement record to support admission of Breathalyzer results where municipal court erroneously admitted the results over defense objection); *State v. Musgrave,* 171 *N.J.Super.* 477, 479, 410 *A.2d* 64 (App.Div.1979) (concluding that the Law Division erred in remanding to allow State to supplement record). If the municipal

---

[2] We need not address the propriety of importing suppression hearing evidence into the trial on the merits where counsel have been given fair notice and have stipulated to the procedure. However, as the court noted in *Allan, supra,* 283 *N.J.Super.* at 630, 662 *A.2d* 1038, the practice "may be permitted with caution." *See also* 51 Robert Ramsey, *N.J. Prac., Municipal Court Practice Manual* § 14:11 at 470 (2011–2012) (explaining that making findings of fact and conclusions of law after the suppression hearing, and starting the trial "from the beginning," is the "best practice ... despite the additional consumption of time" to assure defendant a fair trial).

court errs in considering State-offered evidence, then the Law Division must strike the evidence and determine whether the State has met its burden "solely on the remaining testimony." *Sparks, supra,* 261 *N.J.Super.* at 461, 619 *A.*2d 257 (holding Law Division should have entered judgment of acquittal after excluding improperly admitted lab certificate in a marijuana possession case, without which there was insufficient evidence upon which to convict). Consequently, a judgment of acquittal is warranted.

Reversed and remanded to the Law Division for entry of a judgment of acquittal.