**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0233-19T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CARROLL T. QUINN,

    Defendant-Appellant.

_____

Submitted May 18, 2020 – Decided July 7, 2020

Before Judges Sumners and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Municipal Appeal No. 15-08-16.

Forster Arbore Velez, attorneys for appellant (John Paul Velez, of counsel and on the briefs).

Francis A. Koch, Sussex County Prosecutor, attorney for respondent (Shaina Brenner, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In our unpublished decision, we affirmed defendant Carroll T. Quinn's trial de novo conviction for failure to maintain a lane, N.J.S.A. 39:4-82, but vacated and remanded his trial de novo conviction for refusal to submit to a chemical test, N.J.S.A. 39:4-50.4(a) (refusal statute), because the State agreed with his claim that the Law Division applied the wrong standard of proof – a preponderance of evidence rather than beyond a reasonable doubt – in finding him guilty. State v. Quinn, No. A-3558-16 (App. Div. Oct. 12, 2018) (slip op. at 14). We incorporate by reference the facts surrounding defendant's arrest and charges arising from his single-car accident in striking a utility pole on December 25, 2013, at approximately midnight, and the procedural history of his prior court proceedings contained in that unpublished opinion.

On remand, a different trial judge presided, Judge Thomas J. Critchley. After oral argument and consideration of the municipal court trial transcripts, the judge issued his order and oral decision finding defendant guilty of refusal. The judge carefully detailed the testimony of Sparta Township Police Corporal Frank Schomp, finding defendant refused the breath test four times, which were properly requested "according to protocol." The judge reasoned:

> On its face, it is the refusal and, indeed, the knowing refusal aspect of it is straightforward and clear, not just beyond a reasonable doubt, but beyond any sensible doubt. It's plain language. I will note parenthetically

that I do find from the record – I wasn't obviously listening to the witnesses directly – but find from the record that [Schomp,] who testified regarding these points[,] was credible and straightforward in presenting what had happened in the sequence of events. Nobody's recollection, documentation, or articulation of events is perfect, but I do find [him] credible.

In reviewing the requirements under the refusal statute that a driver submit to a breath test when requested by law enforcement, the judge determined:

> [T]he State must prove beyond a reasonable doubt all the elements of the refusal statute; that is, that the officer making the request had probable cause to believe the defendant was operating a motor vehicle on a public road under the influence, that he had been placed under arrest for DWI, that the defendant was asked to submit to a breath test in an appropriate manner, and, finally, the person made a refusal and, of course, we will require a knowing and competent refusal.

The judge found there was probable cause for Schomp to believe defendant had operated a vehicle under the influence of alcohol[1] based on:

> [T]he direct and commonsense observations that were placed into the record.
>
> In other words, it was a serious crash with the vehicle running off the road. It was a one-car crash. It appeared, a quick analysis at the scene, that there was no particular precipitating factor other than the failure of proper operation. In addition, the officer noted an

---

[1] On trial de novo, the Law Division found defendant not guilty of driving while intoxicated, N.J.S.A. 39:4-50. Quinn, slip op. at 7.

A-0233-19T4

odor of alcohol and bloodshot eyes in the course of the investigation. I've already noted some of the issues or perceptions of the balance and the speech.

Looking at all the elements of the situation in a commonsense way, looking at the nature of the accident, the perceived, directly perceived condition of the subject – I just want to check one item – the direct possession or perception of an odor of alcohol and bloodshot eyes.

Just these items, even leaving aside the field sobriety tests, would be sufficient in my view in a commonsense way to establish probable cause in the manner required by the statute and they are straightforward and established in the record beyond a reasonable doubt.

Addressing the field sobriety tests, the judge noted:

it is frequently the case that these are not performed, I should say administered perfectly, but there was sufficient challenges exhibited by the subject in terms of balance, speech, following directions, and completing the test to amplify, I think, the sense of probable cause. I don't think it would be necessary or sensible to exclude them totally but certainly the cumulative record, I think, is more than sufficient to establish . . . the probable cause element beyond a reasonable doubt.

After finding the State proved the second and third elements of the refusal statute, the judge addressed whether there was a knowing refusal of the test by defendant. He acknowledged it was possible that defendant's cognition could have been impacted by the accident, but he found it "unclear" whether such a

hindrance existed despite defendant's expert testimony. The judge noted that according to Schomp's testimony, at no point during his questioning did defendant give a "nonsensical" response, and, in the judge's view, defendant was "in a state of mind beyond a reasonable doubt to give a complete[,] lucid and binding response[s][.]" Ultimately, the judge found the fourth element was "also established in our record beyond a reasonable doubt . . ." because defendant "was, in my view, in a state of mind beyond a reasonable doubt to give a competent lucid and binding response to questions that were posed." This appeal ensued.

In a single point, defendant argues:

> THE STATE HAS FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT [DEFENDANT] IS GUILTY OF REFUSAL TO CONSENT TO A BREATH SAMPLE, CONTRARY TO THE PROVISIONS OF N.J.S.A. 39:4-50.4, BECAUSE THERE WAS NO PROBABLE CAUSE TO BELIEVE THAT HE WAS DRIVING A MOTOR VEHICLE UNDER THE INFLUENCE OF ALCOHOL AND BECAUSE HE DID NOT KNOWINGLY REFUSE TO SUBMIT TO THE BREATH TEST BASED UPON THE EFFECTS OF THE MOTOR VEHICLE ACCIDENT FROM WHICH HE WAS SUFFERING.

Based upon our review of Judge Critchley's trial de novo decision of defendant's municipal court appeal, we conclude his findings the State proved

5

beyond a reasonable doubt that defendant was guilty of the refusal statute was made on sufficient credible evidence in the record. State v. Gibson, 429 N.J. Super. 456, 463 (App. Div. 2013) (citing State v. Locurto, 157 N.J. 463, 471 (1999)) ("Unlike the Law Division, which conducts a trial de novo on the record, Rule 3:23-8(a), we do not independently assess the evidence."); State v. Stas, 212 N.J. 37, 49 (2012) (quoting Locurto, 157 N.J. at 471 (1999)) (holding appellate review considers "whether the findings made could reasonably have been reached on sufficient credible evidence present in the record").

We also conclude the judge correctly applied his factual findings to the legal conclusions required to find defendant guilty of the refusal statute. Stas, 212 N.J. at 49 (citing State v. Handy, 206 N.J. 39, 45 (2011)) (ruling appellate review defers to the trial judge's findings of fact, but "legal determinations is plenary").

Accordingly, we affirm substantially for the sound reasons expressed in the judge's oral decision. And to the extent we have not specifically addressed any of defendant's arguments, it is because we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0233-19T4