**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2813-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

STANLEY J. KAZANOWSKI,

     Defendant-Appellant.

_____

         Submitted November 12, 2020 – Decided December 9, 2020

         Before Judges Ostrer and Vernoia.

         On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Municipal Appeal No. 6193.

         John Menzel, attorney for appellant.

         Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Mark Niedziela, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

     Defendant Stanley Kazanowski appeals from his conviction, following a

de novo trial in the Law Division, of refusal to submit to a chemical breath test

(refusal) in violation of N.J.S.A. 39:4-50.4a after his arrest for driving while under the influence of intoxicating liquor (DWI) under N.J.S.A. 39:4-50. Defendant contends his conviction for refusal should be reversed because the summons-complaint charged him with violating the implied consent statute, N.J.S.A. 39:4-50.2, instead of the refusal statute, N.J.S.A. 39:4-50.4a. Defendant also contends his conviction should be reversed because the police department did not have a standard procedure for requesting chemical breath tests or for allowing an individual to obtain an independent test of a breath sample. Having reviewed the record and the arguments of the parties in light of the applicable law, we find no merit to defendant's contentions and affirm.

I.

On September 3, 2016, a Wanaque Borough police officer conducted a stop of a motor vehicle driven by defendant. The officer detected the odor of alcohol from inside the vehicle. After defendant "fumbl[ed] with documents," admitted having consumed alcohol, and performed poorly on field sobriety tests, he was arrested for DWI.

Later, at the police station, the officer read defendant the standard statement required by N.J.S.A. 39:4-50.2(e) advising defendant of the consequences of a refusal to consent to a breath test. N.J.S.A. 39:4-50.2(e)

A-2813-18T1

provides that an officer shall "inform [a] person arrested [for DWI] of the consequences of refusing to submit to such test in accordance with" the refusal statute, N.J.S.A. 39:4-50.4a. Defendant twice refused to consent to provide the requested breath sample.

In separate summonses, defendant was charged with DWI, N.J.S.A. 39:4-50; failure to maintain lamps, N.J.S.A. 39:3-66; improper display of plates, N.J.S.A. 39:3-33; and careless driving, N.J.S.A. 39:4-97. The officer also charged defendant with refusal in violation of N.J.S.A. 39:4-50.2, which provides that any person operating a motor vehicle shall be deemed to have consented to providing a breath sample to determine "the content of alcohol in his [or her] blood." The summons charging refusal did not cite to N.J.S.A. 39:4-50.4a, which defines the offense of refusal.

Prior to trial in the municipal court, defendant requested that the State provide the police department's "procedures concerning requesting breath samples and concerning providing for independent testing of the defendant's blood, breath, or urine." See N.J.S.A. 39:4-50.2(c) (providing in pertinent part that a person who submits to a chemical breath test "shall be permitted to have such samples taken and chemical tests of his breath . . . made by a person or

3

physician of his own selection"). In response to the request, the State advised that the police department "has no such standard operating procedures."

Defendant filed a motion to dismiss the summons charging refusal.[1] Defendant claimed the summons was defective because it alleged defendant violated N.J.S.A. 39:4-50.2, the implied consent statute, instead of N.J.S.A. 39:4-50.4a, which defines the offense of refusal. Defendant also argued the summons should be dismissed because the police department did not have standard procedures for requesting breath samples and for allowing a defendant to obtain an independent test of his or her breath.

The municipal court denied defendant's dismissal motion and, following a trial, the court found defendant not guilty of DWI and the improper display of plates offense. The court found defendant guilty of failing to maintain lamps in violation of N.J.S.A. 39:3-66 and of the offense charged in the summons that

---

[1] Defendant also filed a motion to suppress the evidence obtained following the motor vehicle stop. Defendant argued the police officer did not have a reasonable articulable suspicion of a motor vehicle offense permitting a lawful stop of the vehicle. The municipal court conducted an evidentiary hearing on the motion, rejected defendant's claim the motor vehicle stop was unlawful, and denied the suppression motion. Defendant renewed the motion on his appeal from his municipal court conviction. The Law Division denied the motion. We do not address the facts or issues concerning the motor vehicle stop or suppression motion, or the Law Division's denial of the motion, because defendant does not appeal from the denial.

A-2813-18T1

alleged a violation of N.J.S.A. 39:4-50.2, the implied consent statute. On the latter charge, the court found defendant guilty because he "refused to take the breath test."

The court sentenced defendant to pay fines, court costs, and a Drunk Driving Enforcement Fund surcharge. In addition, the court's sentence on the refusal charge included a seven-month driver's license suspension, defendant's participation in twelve hours of education at the Intoxicated Driver Resource Center, and installation of an ignition interlock device in defendant's vehicle for six months immediately following his license suspension. The court granted defendant's request for a stay of the sentence pending appeal from his convictions.

Defendant appealed his convictions to the Law Division, where he reprised his motion to dismiss the summons that charged he refused to consent to the breath test. He again asserted the summons should be dismissed because it cited the implied consent statute and because the police department did not maintain a standard procedure for requesting breath samples and allowing defendants to obtain independent tests of breath samples. The Law Division judge denied the motion, finding that charging defendant with violating "the consent statute does not negate his guilt of the refusal statute." The court

explained that the refusal and implied consent statutes "are interrelated," and "[a]lthough defendant was not charged with the exact statutory provision applicable to a refusal violation," he did not suffer any prejudice by being charged under the implied consent statute.

Quoting directly from the Supreme Court's decision in State v. Marquez, 202 N.J. 485, 501-02 (2010), the court further addressed the relationship between the statutes, explaining:

> The refusal statute requires officers to request motor vehicle operators to submit to a breath test. The implied consent statute tells officers how to make that request. In the language of the statutes, to be convicted for refusal, [j]udges must find that the driver refused to submit to the test upon request of the officer.[] [N.J.S.A.] 39:4-50.4[a]. That test as explicitly noted in the refusal statute, is the one provided for in . . . [N.J.S.A. 39:4-50.2]. The implied consent law. The implied consent statute in turn, directs officers to read a standard statement to the person under arrest for the specific [purpose] of informing the person arrested of the consequences of refusing to submit to such a test in accordance with section two. Which is [N.J.S.A.] 39:4-50.4[a].
> Thus, the statutes not only cross reference one another internally but they also rely on each other[] substantively that they must be read together.

Further quoting Marquez, the court concluded "[b]oth statutes are to be construed 'as part of a harmonious whole,'" id. at 517, and the court found that

since the officer read defendant the standard statement informing him of the consequences of a refusal to consent to a breath test, defendant was adequately put "on notice that refusal to give a breath test [would] result in an offense being charged."

The court also amended the summons to charge defendant with refusal to consent to a breath sample under the refusal statute, N.J.S.A. 39:4-50.4a. The court made the "amendment pursuant to [N.J.S.A.] 39:5-11," which provides:

> If the defendant appeals to the Superior Court, the appeal shall operate as a consent to an amendment of the complaint in that court so as to substitute a new or different charge growing out of the act or acts complained of or the circumstances surrounding such acts; and any provision of law limiting the time within which any such charge may be brought or proceedings taken in the prosecution thereof shall not operate and shall be deemed to have been waived by the appeal.

The court also rejected defendant's claim the summons charging refusal should be dismissed because the police department lacked a standard procedure for allowing a defendant to obtain an independent test of a breath sample. The court noted defendant was found not guilty of DWI, and it determined defendant did not require an independent test of his breath because he refused to provide a breath sample in the first instance.

7

The court convicted defendant of the amended charge of refusal in violation of N.J.S.A. 39:4-50.4a and failure to maintain lamps, N.J.S.A. 39:3-66. The court found the violation for failure to maintain lamps merged with the refusal conviction, and imposed the same sentence for the refusal charge as the municipal court.[2] The court stayed imposition of the sentence pending defendant's appeal, finding defendant did not pose a threat to the safety of the community because he was not convicted of DWI and instead was convicted of refusal.

Defendant appeals from his conviction for refusal. He makes the following arguments:

POINT I

This Court Should Dismiss [The Summons] Charging Defendant with "Consent to Take Breath Samples, Record" in Violation of N.J.S.A. 39:4-50.2 Because Reference to This "Implied Consent" Statute Constitutes a Fatal Defect in that the Statute Does Not Define an Offense.

POINT II

This Court Should Dismiss Allegations Based on Defendant's Failure to Submit Breath Samples Because

---

[2] The propriety of the court's merger of the violation for failure to maintain lamps with defendant's conviction for refusal is not an issue presented on appeal. We therefore do not address it.

A-2813-18T1

the Police Department Lacked Procedures Necessary to Protect His Rights.

II.

In our review of a Law Division decision on a municipal appeal, we consider "whether the findings made could reasonably have been reached on sufficient credible evidence present in the record." State v. Stas, 212 N.J. 37, 48-49 (2012) (quoting State v. Locurto, 157 N.J. 463, 471 (1999)). "Unlike the Law Division, which conducts a trial de novo on the record, Rule 3:23-8(a), we do not independently assess the evidence." State v. Gibson, 429 N.J. Super. 456, 463 (App. Div. 2013), rev'd on other grounds, 219 N.J. 227 (2014). We defer to the trial judge's findings of fact. Stas, 212 N.J. at 48-49. "[N]o such deference is owed to the Law Division or the municipal court with respect to legal determinations or conclusions reached on the basis of the facts." Id. at 49. Our review of a court's "legal determinations is plenary." State v. Handy, 206 N.J. 39, 45 (2011); see also Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Defendant argues his conviction for refusal should be reversed because the summons charging his refusal to consent to a breath test originally cited N.J.S.A. 39:4-50.2, the implied consent statute, and not N.J.S.A. 39:4-50.4a, which defines the refusal offense. Defendant ignores that he appeals from his

9

conviction following a trial de novo in the Law Division, where the court amended the summons in accordance with N.J.S.A. 39:5-11 to charge a violation of N.J.S.A. 39:4-50.4a. As a result of the amendment, defendant was not convicted of violating the implied consent statute, N.J.S.A. 39:4-50.2; he was convicted of violating N.J.S.A. 39:4-50.4a, the refusal statute.

Defendant did not object to the amendment of the summons to charge refusal under N.J.S.A. 39:4-50.4a, and he does not challenge on appeal the amendment of the summons to charge what he concedes and asserts is the proper statutory citation for the offense of refusing to consent to provide a breath sample following a DWI arrest. He therefore has waived his right to challenge both the court's amendment of the summons to charge refusal in violation of N.J.S.A. 39:4-50.4a, and his conviction in the Law Division for committing that offense. See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) (holding that "an issue not briefed on appeal is deemed waived"); Jefferson Loan Co. v. Session, 397 N.J. Super. 520, 525 n.4 (App. Div. 2008) (same). In fact, defendant does not claim on appeal that the Law Division erred by convicting him of refusal under N.J.S.A. 39:4-50.4a. For those reasons alone, we affirm defendant's conviction for violating N.J.S.A. 39:4-50.4a.

Defendant argues the court erred by failing to dismiss the summons in the first instance because it erroneously cited to N.J.S.A. 39:4-50.2 instead of the refusal statute, N.J.S.A. 39:4-50.4a. Defendant relies on State v. Cummings, where the charging summons and the Law Division's order of conviction in a refusal case "incorrectly identif[ied] the governing statutory reference as N.J.S.A. 39:4-50.2, the implied consent section of the driving while intoxicated provisions of the Motor Vehicle Act, N.J.S.A. 39:1-1 to 39:13-8." 184 N.J. 84, 90 n.1 (2005). The Court explained that "care should be taken to list instead N.J.S.A. 39:4-50.4a, the exact statutory provision applicable to breathalyzer refusal cases." Ibid. Defendant argues that because the State did not exercise that care here, the Law Division judge erred by denying the request to dismiss the complaint.

We reject defendant's reliance on Cummings for two reasons. First, unlike in Cummings, the Law Division judge amended the complaint to charge a violation of N.J.S.A. 39:4-50.4a, and, as noted, defendant does not challenge the amendment on appeal. Second, the Court in Cummings did not hold that either dismissal of the summons or a finding of not guilty is required where a defendant is arrested for DWI and refuses a breath test, and the charging summons cites N.J.S.A. 39:4-50.2 instead of N.J.S.A. 39:4-50.4a To the contrary, the Court

11

found there was "no prejudice resulting from" the citation to the implied consent statute instead of the refusal statute. Ibid.

Although the officer here should have taken more care to cite to N.J.S.A. 39:4-50.4a in the charging summons, there is no evidence defendant suffered any prejudice from the officer's failure to do so, and the Court's decision in Cummings does not require a dismissal of the summons. As the Court explained in Marquez, "[t]o identify all of the elements of a refusal offense, [the Court] must look at the plain language of [N.J.S.A. 39:4-50.2 and N.J.S.A. 39:4-50.4a] because although they appear in different sections, they are plainly interrelated." 202 N.J. at 501. The statutes "must . . . be read together" because they "cross-reference one another internally" and "rely on each other substantively." Id. at 502. The Court also held that reading the standard statement as prescribed by N.J.S.A. 39:4-50.2 is a necessary element of a refusal conviction under N.J.S.A. 39:4-50.4a. Id. at 506. Because the elements of a refusal offense are drawn from both N.J.S.A. 39:4-50.2 and N.J.S.A. 39:4-50.4a, the officer's failure to cite to both statutes in the original summons did not deprive defendant of notice of the refusal offense for which he was charged and convicted, and did not result in any prejudice.

A-2813-18T1

We are not persuaded by defendant's reliance on State v. Nunnally, 420 N.J. Super. 58 (App. Div. 2011), to support his claim the summons should be dismissed because the citation to N.J.S.A. 39:4-50.2 did not provide adequate notice of the refusal offense. In Nunnally, the defendant held a commercial driver's license (CDL) and was arrested for operating a commercial vehicle in violation of N.J.S.A. 39:3-10.13, which "prohibit[s] operation of a commercial motor vehicle by a driver 'with an alcohol concentration of 0.04% or more.'" Id. at 62 (quoting N.J.S.A. 39:3-10.13). The defendant failed to properly provide a breath sample and was charged with refusal under N.J.S.A. 39:4-50.4a instead of N.J.S.A. 39:3-10.24, which defines the offense of refusal to provide a breath sample by a person driving a commercial vehicle. Ibid.

We held that the summons could not properly be amended in accordance with Rule 7:14-2, which allows a municipal court to amend a summons "for any omission or defect . . . or for any variance between the complaint and the evidence adduced at the trial" as long as the amendment does not "charge[] a different substantive offense, other than a lesser included offense." Id. at 65-66. We reviewed the elements of the refusal offenses under N.J.S.A. 39:4-50.4a and N.J.S.A. 39:3-10.24, and determined they consisted of different elements. Id. at 66-67. We concluded the requested amendment of the summons to charge the

defendant with violating N.J.S.A. 39:3-10.24, the CDL refusal statute, was improper because it was not a lesser included offense of refusal under N.J.S.A. 39:4-50.4a, the offense with which the defendant was originally charged. Ibid. We further determined that because the statutes defined offenses with different elements, charging the defendant under the general refusal statute instead of the CDL refusal statute did not constitute a "technical defect" that could be remedied through an amendment of the summons pursuant to Rule 7:2-5.[3] Id. at 65.

Our holding in Nunnally is inapplicable here because, as noted, N.J.S.A. 39:4-50.2 and N.J.S.A. 39:4-50.4a do not define different offenses with different elements. Instead, the statutes must be read together to fully define the elements of the refusal offense defined in N.J.S.A. 39:4-50.4a. See Marquez, 202 N.J. at 501-02. Thus, the summons charging defendant with violating N.J.S.A. 39:4-50.2 adequately informed defendant he was charged with refusal under N.J.S.A. 39:4-50.4a, and we find no evidence defendant was prejudiced in any manner by the State's failure to include a citation to N.J.S.A. 39:4-50.4a in the summons.

---

[3] Under the circumstances presented in Nunnally, we also determined the summons could not be amended to charge a violation of the CDL refusal statute because the date of the trial was more than ninety days after the alleged offense occurred, and the State was therefore time-barred from amending the summons to charge a new offense. Id. at 62-63.

14

See Cummings, 184 N.J. at 90 n.1. We therefore affirm the Law Division's denial of defendant's motion to dismiss the summons.

We also reject defendant's contention his conviction should be reversed because the police department did not have a standard procedure for requesting breath samples and for allowing an independent test of his breath as permitted by N.J.S.A. 39:4-50.2(c). Under the circumstances presented, the argument is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We note only that N.J.S.A. 39:4-50.2(c) permits an individual who submits to a breath test "to have such samples taken and chemical tests of his breath . . . made by a person or physician of his own selection," but defendant neither submitted to the breath test requested by the police nor requested to have a sample of his breath taken or a chemical test of his breath by a person or physician of his own choosing. In addition, and as noted by the Law Division judge, defendant was found not guilty of DWI, and, as a result, the lack of an independent test of defendant's breath is irrelevant to a determination of the charges—refusal and failure to maintain lamps—for which he was convicted.

Affirmed. We vacate the stay of the sentence imposed by the Law Division and remand for the court to immediately impose the license suspension

and other conditions comprising defendant's conviction for refusal in violation of N.J.S.A. 39:4-50.4a.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION