751 A.2d 148

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT/CROSS–RESPONDENT, v. JUNE MCLENDON, DEFENDANT–RESPONDENT/CROSS–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted April 12, 2000—Decided May 24, 2000.

Before Judges KESTIN and STEINBERG.

*Ronald S. Fava,* Passaic County Prosecutor, attorney for appellant/cross-respondent (*Steven E. Braun,* Senior Assistant Prosecutor, of counsel and on the brief).

*Walter J. Tencza,* attorney for respondent/cross-appellant.

The opinion of the court was delivered by

STEINBERG, J.A.D.

On June 19, 1998, defendant June McLendon was charged, in Clifton, with violating *N.J.S.A.* 39:4–50 by driving a motor vehicle while intoxicated. She had been stopped in a "DWI roadblock". She was found guilty in the Clifton Municipal Court. The municipal court judge imposed the appropriate penalties, surcharges, and assessments.

Pursuant to *R.* 3:23–8(a), defendant appealed to the Law Division. After conducting a trial *de novo* on the record, the Law Division judge, *sua sponte,* questioned the validity of the roadblock. He reserved decision and subsequently issued an order reversing the conviction and remanding for a new trial consistent with his opinion which was set forth in a statement of reasons. In that statement, the judge observed that:

> The Municipal Court record lacks sufficient evidence that the State proved that the roadblock instituted was established within the purview of *Kirk* [1] and its progeny. The record before this Court does not reflect who established this roadblock, and whether this designated site, time and date was chosen based on data justifying the site selection for reasons of public safety and efficacious law enforcement goals. The only testimony in the record is that of the officer in which he stated that there were three officers present along with a sergeant. As for the requirement of notice, the record indicates, through the testimony of the officers, that signs were posted at each end of the roadblock.

Accordingly, the judge reversed and remanded to the Clifton Municipal Court for a new trial.[2]

---

[1] *State v. Kirk,* 202 *N.J.Super.* 28, 493 A.2d 1271 (App.Div.1985).

[2] Defendant attempted to file a direct appeal but was advised to seek leave to file an interlocutory appeal. The State opposed defendant's application, and filed a motion seeking leave to file a notice of appeal *nunc pro tunc.* In a series

The sole issue raised by the State on appeal is that the Law Division judge erred in *sua sponte* raising the issue of the validity of the roadblock since defendant had not challenged the roadblock in the municipal court. In her cross-appeal defendant raises the following arguments:

POINT I THE LAW DIVISION JUDGE SHOULD HAVE ACQUITTED DE-FENDANT RATHER THAN REMANDING THE MATTER TO THE MU-NICIPAL COURT FOR A NEW TRIAL.

POINT II THE LAW DIVISION JUDGE WAS CORRECT IN CONSIDERING THE ISSUE OF THE POLICE ROADBLOCK BECAUSE IT WAS A CON-STITUTIONAL ISSUE.

POINT III THE LAW DIVISION JUDGE WAS CORRECT IN CONSIDERING THE CONSTITUTIONAL VALIDITY OF THE POLICE ROADBLOCK BE-CAUSE THE MUNICIPAL COURT'S RULING ON THIS ISSUE AMOUNT-ED TO PLAIN ERROR.

Ordinarily, a defendant's failure to make a pretrial motion to the municipal court seeking to suppress evidence constitutes a waiver of an objection during trial to the admission of the evidence on the ground that the evidence was unlawfully obtained. *R.* 7:5–2(d); *State v. Colapinto,* 309 *N.J.Super.* 132, 136–37, 706 *A.*2d 802 (App.Div.1998). Indeed, even constitutional claims, such as Fourth Amendment rights, may be waived unless properly and timely asserted. *State v. Jenkins,* 221 *N.J.Super.* 286, 292, 534 *A.*2d 421 (App.Div.1987), *certif. denied,* 113 *N.J.* 343, 550 *A.*2d 456 (1988), *cert. denied,* 488 *U.S.* 1032, 109 *S.Ct.* 843, 102 *L.Ed.*2d 975 (1989). However, for good cause shown, the court can entertain a late application to suppress. *R.* 7:5–2(d). Although a literal reading of *R.* 7:5–2(d) compels a conclusion that the failure to move to suppress before the municipal court ordinarily constitutes a waiver, we conclude that the Law Division judge did not mistakenly exercise his discretion when, in light of his concern regarding the constitutionality of the stop, he ordered a remand

---

of orders, we granted defendant's motion, but dismissed the appeal, instead, treating it as a cross-appeal of the State's appeal from a final judgment of the Law Division. We now conclude that each appeal was interlocutory and to the extent necessary, grant leave to appeal and cross-appeal, *nunc pro tunc. R.* 2:4–4(b)(2).

for consideration of that important issue, particularly since the record understandably contained very little evidence regarding the roadblock. Where the record does not provide a sufficient basis to satisfy a Law Division judge's concern, the judge has the right to order a remand. Although in *Colapinto, supra,* 309 *N.J.Super.* at 137–38, 706 *A.*2d 802, we concluded that the Law Division judge erred when he permitted defendant to raise a suppression issue at a trial *de novo,* we were also able to determine, from the record presented, that the contention raised by defendant was clearly without merit. Here, the present record does not permit that conclusion to be made.

■ Defendant contends that the Law Division judge should have acquitted defendant, rather than remanding to the municipal court for a new trial. We disagree. Although appeals from municipal court convictions are heard *de novo* on the record pursuant to *R.* 3:23–8(a), the rule also authorizes a reversal and remand for a new trial if the rights of defendant were prejudiced below. Defendant's insistence that she is entitled to a trial of the appeal on the original record overlooks the fact that the remand is for her benefit, and for her benefit alone, to permit her to belatedly assert a claim that otherwise would have been waived, and is consistent with the letter and spirit of *R.* 3:23–8(a). After all, she never raised the issue of the constitutionality of the roadblock in the municipal court, or in the Law Division. Therefore, understandably, the record regarding the validity of the roadblock is sparse. The remand was not ordered in order to afford the State the opportunity to supply an essential element of proof not previously offered, such as the applicable speed limit, *State v. Tropea,* 78 *N.J.* 309, 316, 394 *A.*2d 355 (1978), or to permit the State to provide evidence of the scientific reliability of the K–55 radar unit, *State v. Musgrave,* 171 *N.J.Super.* 477, 479, 410 *A.*2d 64 (App.Div.1979). A remand is inappropriate in order to afford the State the opportunity to provide proofs it should have provided in the initial trial which were necessary to support a conviction.

Here, however, we are not confronted with the failure of the State to supply proof regarding an essential element of the offense. The State had the right to assume that the validity of the roadblock was not in issue by virtue of defendant's failure to move to suppress. The validity of the roadblock is not an essential element of proof. It is more like an issue of jurisdictional fact, which must be considered only when defendant moves to suppress. Both *R.* 3:5-7, applicable to the Law Division in indictable matters, and *R.* 7:5-2(d), applicable to the municipal courts in nonindictable matters, contemplate pre-trial hearings on Fourth Amendment issues which are collateral to guilt or innocence. In addition, evidence relating to the propriety of a stop or seizure is generally separate from issues of guilt or innocence. Usually, judicial economy is best served by resolving these issues pre-trial.

We reject defendant's contention that the remand gives the State the opportunity to correct or bolster its case in chief. Rather, the remand permits defendant to raise a constitutional issue belatedly asserted, rather than deem it waived because not properly raised. In the absence of a motion to suppress, the State was simply not obliged to present evidence on the validity of the roadblock.

Finally, we address the scope of the remand. Although the Law Division judge stated that he "reversed" defendant's conviction for driving while under the influence of alcohol, he never decided whether the proofs were sufficient to conclude beyond a reasonable doubt that defendant drove while under the influence of alcohol. However, the municipal court judge reached that conclusion, beyond a reasonable doubt. The municipal court judge need not again decide that issue. Defendant's right to contest that determination is preserved for a subsequent appeal, in the event the judge denies defendant's motion to suppress.

Defendant shall, within ten days of this opinion, file her motion to suppress. The municipal court judge shall determine whether to require briefs and, if required, shall notify the parties of a briefing schedule. *R.* 7:5-2(b). The State shall have the opportu-

nity to supplement the record and present evidence relevant to the Fourth Amendment issues raised by defendant and the validity of the roadblock. If aggrieved by the determination of the municipal court, defendant shall have the right to file a new appeal pursuant to *R.* 3:23–8(a). If defendant fails to file the motion to suppress, the Law Division judge shall rule upon defendant's *R.* 3:28(a) *de novo* appeal on its merits.

Affirmed, as modified. We do not retain jurisdiction.