**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1661-14T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CLIFFORD MOORE,

    Defendant-Appellant.

_____

> Argued February 8, 2017 — Decided  June 29, 2017
>
> Before Judges Simonelli, Carroll and Gooden
> Brown.
>
> On appeal from the Superior Court of New
> Jersey, Law Division, Union County, Indictment
> No. 13-01-0034.
>
> Joshua F. McMahon argued the cause for
> appellant (Schiller McMahon LLC, attorneys;
> Mr. McMahon, of counsel and on the brief).
>
> Milton S. Leibowitz, Special Deputy Attorney
> General/Acting Assistant Prosecutor, argued
> the cause for respondent (Grace H. Park,
> Acting Union County Prosecutor, attorney;
> Meredith L. Balo, Special Deputy Attorney
> General/Acting Assistant Prosecutor, of
> counsel and on the brief).

PER CURIAM

Defendant Clifford Moore appeals from the August 28, 2014 Law Division order, which denied his motion to set aside the verdict and enter a judgment of acquittal, and from the October 17, 2014 order, which denied his motion for reconsideration. For the following reasons, we affirm.

## I.

We derive the following facts from the record. A grand jury indicted defendant for third-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1); third-degree distribution of a CDS, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(3); and third-degree possession of a CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(3).

On January 29, 2013, the State produced some, but not all, discovery to defendant, including a laboratory certificate. The State also provided a notice of its intent to proffer the laboratory certificate as evidence at trial pursuant to N.J.S.A. 2C:35-19(c) without the testimony of the analyst. The notice advised defendant, incorrectly, that he had ten days from receipt of the notice to object. However, N.J.S.A. 2C:35-19(c) provides as follows, in pertinent part:

> Whenever a party intends to proffer in a
> criminal . . . proceeding, a certificate

> executed pursuant to this section, notice of an intent to proffer that certificate <u>and all reports relating to the analysis in question, including a copy of the certificate</u>, shall be conveyed to the opposing party or parties at least [twenty] days before the proceeding begins.
>
> [(Emphasis added).]

Thus, the ten-day time period does not begin to run until the State has produced all laboratory-related discovery. <u>See also</u> <u>State v. Heisler</u>, 422 <u>N.J. Super.</u> 399, 405-06 (App. Div. 2011) (holding that "the ten-day period in which a defendant must object to the admission into evidence of a lab certificate begins to run only after the State has served upon the defendant all related lab reports").

On July 10, 2014, five days before the start of the trial, defendant advised the State that he would not stipulate to anything, including the CDS, and demanded production of outstanding discovery, including all laboratory notes. On July 13, 2014, defendant demanded the outstanding discovery plus additional laboratory-related items the State had failed to produce, including a list of devices the State utilized to test the CDS by serial number; any maintenance or technical records of said devices; whether or not said devices had any technical defects since 2012; "[a]ny and all documents wherein [the State's chemist]

ever erred or made a mistake in the course of her work[;]" and chain of custody records.

On July 15, 2014, the first day of trial, the State provided additional discovery, including a letter from the State's forensic chemist, Suzanne Bryant, that included the laboratory report and other laboratory-related documents. After the close of the day's proceedings and after the jury was discharged, all counsel[1] met with the trial judge in chambers to discuss scheduling and other issues. In an effort to conserve the jurors' valuable time and efficiently and fairly move the proceedings along, the judge inquired whether a stipulation would obviate the need for Bryant to testify. After discussing the verbiage of the stipulation, all counsel agreed on a stipulation that obviated the need for Bryant to testify. Defense counsel confirmed the stipulation in an e-mail to the prosecutor.

On July 17, 2014, the State withdrew from the stipulation, and at the close of its case, sought admission of the laboratory certificate pursuant to N.J.S.A. 2C:35-19(c) without Bryant's testimony. Defendant raised a confrontation/Crawford[2] objection.

---

[1] Defendant was tried along with a co-defendant whose counsel participated in all phases of the trial.

[2] Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).

The State countered that: (1) defendant failed to object to admission of the laboratory certificate within ten days of receiving it, and thus, waived any confrontation objection; and (2) he lacked standing to demand confrontation of Bryant because his objection was untimely. The judge admitted the laboratory certificate over defendant's objection without the testimony of Bryant, who was outside the courtroom and available to testify. Defendant was subsequently convicted of all offenses.

On August 6, 2014, defendant filed a motion to set aside the verdict and enter a judgment of acquittal, arguing, in part, that the court improperly admitted the laboratory certificate in violation of his constitutional rights, and without the certificate, the court must enter a judgment of acquittal because the State could not prove the charges beyond a reasonable doubt. Defendant also raised a double jeopardy argument. The State conceded that admission of the laboratory certificate was error, but argued the error was harmless and the appropriate remedy was a new trial, not a judgment of acquittal. Defendant responded that pursuant to Heisler, it was inappropriate to remand for a new trial to allow the State to cure the error.

In an August 28, 2014 order, the judge vacated defendant's conviction, denied the motion for a judgment of acquittal, and remanded for a new trial. The judge found that he had improperly

admitted the laboratory certificate into evidence without Bryant's testimony; the error was not harmless; the error was a trial error, not a failure of proof; and the State could retry defendant and seek admission of the laboratory certificate with Bryant's testimony. Defendant then entered a conditional plea to an amended charge of fourth-degree distribution of CDS paraphernalia, N.J.S.A. 2C:36-3.

Prior to sentencing, defendant filed a motion for reconsideration, raising the same arguments he had previously raised. The judge denied the motion and then sentenced defendant to time served. This appeal followed.

On appeal, defendant raises the following contentions:

> POINT I:
>
> THE TRIAL COURT'S ORDER VIOLATES STATE v. HEISLER.
>
> POINT II:
>
> EVEN IF HEISLER IS FOUND TO BE INAPPLICABLE TO THE INSTANT CASE, THE TRIAL COURT ERRED BECAUSE JUDGMENT OF ACQUITTAL IS REQUIRED BY THE FEDERAL AND STATE PROHIBITION AGAINST DOUBLE JEOPARDY.
>
> POINT III:
>
> EVEN IF THE COURT FINDS THAT HEISLER AND DOUBLE JEOPARDY DO NOT DEMAND A JUDGMENT OF ACQUITTAL, UNDER [RULE] 3:13-3 AND/OR STATE OR FEDERAL DUE PROCESS GUARANTEES AND/OR THE FUNDAMENTAL FAIRNESS DOCTRINE AND/OR RES JUDICATA OR COLLATERAL ESTOPPEL AND/OR

6

INHERENT JUDICIAL SUPERVISORY POWERS, A JUDGMENT OF ACQUITTAL IS PROPER DUE TO THE SYSTEMIC AND THEREFORE EGREGIOUS GOVERNMENT MISCONDUCT.

## II.

Defendant reiterates in Point I that the court improperly admitted the laboratory certificate into evidence and without the certificate, he was entitled to a judgment of acquittal because the State could not prove the charges beyond a reasonable doubt. Defendant again relies on Heisler to argue that the State is precluded from curing the error in a retrial and acquittal is the only proper remedy. Defendant argues in Point II that even if Heisler does not apply, a judgment of acquittal is the only remedy because double jeopardy prohibits affording the State another opportunity to produce evidence it failed to produce at the original proceeding. We disagree with both arguments.

Heisler concerned an appeal from a municipal court conviction after trial de novo in the Law Division, which affirmed the defendant's conviction for being under the influence of a CDS and operating a vehicle while knowingly in possession of a CDS. Heisler, supra, 422 N.J. Super. at 405. The defendant's conviction was based in part on the admission of a laboratory certificate pursuant to N.J.S.A. 2C:35-19 that indicated the substance found in his possession was cocaine. Id. at 423. We determined that

because the State failed to timely deliver all laboratory reports, and the defendant objected within ten days of receipt of all required documents, admission of the laboratory certificate pursuant to N.J.S.A. 2C:35-19(a) was improper without the laboratory analyst's testimony. Id. at 422. We remanded the case to the trial court and held that "the State shall not have the opportunity to call the lab analyst . . . to cure the initial error of admitting the lab certificate," because a remand is "inappropriate in order to afford the State the opportunity to provide proofs it should have provided in the initial trial which were necessary to support a conviction." Id. at 424 (quoting State v. McLendon, 331 N.J. Super. 104, 108 (App. Div. 2000)). Instead, we determined that the matter must be decided "solely on the remaining testimony." Id. at 425. We relied on the late disclosure of the laboratory certificate in barring the State from retrying its proofs on remand. Id. 423-25.

Defendant also relies on State v. Hardy, 211 N.J. Super. 630 (App. Div. 1986). Similar to Heisler, we determined in Hardy that "[n]owhere in . . . [Rule 3:23-8(a)] is the State given the right to correct or bolster its case-in-chief; rather it may only respond to evidence admitted by defendant under the rule." Id. at 634.

Heisler and Hardy do not apply to this case. Unlike here, Heisler and Hardy concern a trial de novo in the Law Division

8

after an appeal from a municipal conviction, and both cases were decided under a pre-2013 version of Rule 3:23-8(a). Under the pre-2013 version, the Law Division, in reviewing municipal appeals, was strictly confined to the record below and could not remand for expansion of the record. The 2013 amendment, however, provides as follows, in pertinent part:

> The court to which the appeal has been taken may reverse and remand for a new trial or may conduct a trial de novo on the record below. . . . If the court to which the appeal is taken decides the matter de novo on the record, the court may permit the record to be supplemented for the limited purpose of correcting a legal error in the proceedings below.
>
> [R. 3:23-8(a)(2) (emphasis added).]

See also Pressler & Verniero, Current N.J. Court Rules, comment 1 on R. 3:23-8 (2017) (stating that "[t]he deletion in 2013, in new subparagraph (2), of the prior standard for remand, namely prejudice to the defendant, should be read as facilitating the State's introduction of such evidence;" and "[t]he amended rule makes clear that the record may be supplemented only for the 'limited purpose of correct[ing] a legal error in the proceedings below'").

Accordingly, the State is permitted to correct trial errors on remand. A trial error occurs when a criminal defendant is "convicted through a judicial process [that] is defective in some

fundamental respect[.]"  State v. Millett, 272 N.J. Super. 68, 97 (App. Div. 1994) (quoting Burks v. United States, 437 U.S. 1, 16, 98 S. Ct. 2141, 2150, 57 L. Ed. 2d 1, 12-13 (1978)).  Examples of fundamental defects may include an incorrect receipt or rejection of evidence, as occurred here, or incorrect instructions.  Ibid. (quoting Burks, supra, 437 U.S. at 16, 98 S. Ct. at 2150, 57 L. Ed. 2d at 12-13).  "A reversal for trial error never constitutes a decision that the State failed to prove its case, and therefore implies nothing with respect to the defendant's guilt or innocence" and does not preclude retrial.  Ibid. (citation omitted).

For example, in State v. Slaughter, 219 N.J. 104 (2014), the defendant was convicted of aggravated manslaughter after the State introduced an audiotape interview of his girlfriend, during which she attributed incriminating statements to him.  Id. at 106.  The court admitted the audiotape into evidence absent the State calling the girlfriend as a witness, despite the fact that she was available to testify.  Ibid.  Our Supreme Court determined that this violated the defendant's rights under the Confrontation Clause and vacated his conviction.  Ibid.  Importantly, the Court remanded the case to the trial court for a new trial, requiring the State to call the girlfriend as a witness if it intended to introduce the audiotape into evidence.  Id. at 120.  The Court

reached a similar conclusion in State v. Cabbell, 207 N.J. 311, 339 (2011).

Conversely, the State is not permitted to correct substantive failures of proof on remand. A failure of proof occurs when the State fails to prove one or more of the elements of the crime charged. See State v. Tropea, 78 N.J. 309, 310 (1978) (holding that the State's failure to offer any evidence of the legal speed limit in a speeding infraction was a failure of proof). Reversal for failure of proof "means that the government's case was so lacking that it should not have even been submitted to the jury." Millett, supra, 272 N.J. Super. at 97 (quoting Burks, supra, 437 U.S. at 16, 98 S. Ct. at 2150, 57 L. Ed. 2d at 12-13). "[A]lthough a remand for a new trial is proper where reversal of a criminal conviction is predicated on trial error, the double jeopardy clause forbids a second trial where the conviction has been overturned due to a failure of proof at trial." Tropea, supra, 78 N.J. at 314-16 (citation omitted).

Citing State v. Lawn King, 84 N.J. 179 (1980), defendant argues that the State's failure to call Bryant was a failure of proof rather than a trial error. In Lawn King, the Court noted the State "made a conscious decision to limit its evidence of criminality to that required by the per se rule." Id. at 213. The Court held:

> where the State has had a reasonable
> opportunity to present complete evidence
> against a defendant in a criminal trial but
> has failed to do so, its conscious election
> to restrict its evidential presentation,
> designed to serve its own prosecutorial
> convenience, should foreclose it from seizing
> another opportunity to prosecute defendants.
>
> [Id. at 214.]

Lastly, citing McMullen v. Tennis, 562 F.3d 231, 237 (3d Cir.), certif. denied, 558 U.S. 833, 130 S. Ct. 72, 175 L. Ed. 2d 51 (2009), defendant argues that criminal defendants are excepted from the trial error rule, and thus, cannot be retried on the underlying charge when the "evidence is insufficient to sustain a guilty verdict." Defendant further cites McMullen for the proposition that double jeopardy "forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster" and that "the prosecution cannot complain of prejudice [when] it has been given one fair opportunity . . . [and] the Double Jeopardy Clause bars the prosecution from taking the proverbial second bite at the apple." Id. at 237-38 (citations omitted).

Lawn King and McMullen do not support defendant's arguments. The State did not fail to call Bryant out of "prosecutorial convenience," but rather pursuant to a stipulation that obviated the need for her to testify, which the judge ultimately enforced

out of judicial economy despite the State's withdrawal. In addition, <u>McMullen</u> did not provide an exception to the trial error rule. Rather, it further clarified the difference between a trial error and a failure of proof. The prosecution's failure to "muster evidence" is a prime example of failure of proof and is not an exception to the trial error rule. Here, the error was not caused by the State's failure to "muster evidence." The trial error occurred as a result of the judge's erroneous admission of the laboratory certificate absent the testimony of Bryant, who was available to testify.

We are satisfied that the judge properly deemed the admission of the laboratory certificate without Bryant's testimony a trial error, rather than a failure of proof. As in <u>Millett</u>, this case involved the incorrect receipt of evidence. Unlike <u>Tropea</u>, where the State failed to offer any evidence that would satisfy an element of the crime charged, here, the State provided evidence establishing that the substance at issue was heroin, but the evidence was improperly admitted. Accordingly, the judge correctly vacated defendant's conviction and denied the motions for a judgment of acquittal and for reconsideration, and correctly permitted the State to introduce Bryant's testimony at a retrial, which never occurred because defendant pled guilty to an amended charge. <u>See</u> <u>Slaughter</u>, <u>supra</u>, 219 <u>N.J.</u> at 120. Having concluded

that the error was trial error and not a failure of proof, defendant's double jeopardy argument fails. <u>Tropea</u>, <u>supra</u>, 78 <u>N.J.</u> at 314-16 (citing <u>Burks</u>, <u>supra</u>, 437 <u>U.S.</u> at 16, 98 <u>S. Ct.</u> at 2149-2150, 57 <u>L. Ed.</u> 2d at 12-13).

## III.

Defendant argues in Point III that even if <u>Heisler</u> and double jeopardy do not demand a judgment of acquittal, we should exercise our separate and independent authority to enter a judgment of acquittal under the fundamental fairness doctrine as a result of the State's systemic discovery violations. We have considered this argument in light of the record and applicable legal principles and conclude it is without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2). However, we make the following brief comments.

The doctrine of fundamental fairness is an "elusive concept" and its "exact boundaries are undefinable." <u>State v. Yoskowitz</u>, 116 <u>N.J.</u> 679, 704-05 (1989) (citations omitted). "For the most part, it has been employed when the scope of a particular constitutional protection has not been extended to protect a defendant." <u>Id.</u> at 705. Dismissal on fundamental fairness is triggered because "[t]he primary considerations should be fairness and fulfillment of reasonable expectations in the light of the constitutional and common law goals." <u>State v. Currie</u>, 41 <u>N.J.</u>

14

531, 539 (1964). The fundamental fairness doctrine does not preclude a retrial where "the elements of harassment and oppression which [are] the historic object of the constitutional and common law . . . principles" were not present." State v. Tsoi, 217 N.J. Super. 290, 297 (App. Div. 1987).

We discern no reason to exercise our independent authority to grant a judgment of acquittal. While the State's discovery violations are troubling, this was not the cause of defendant's grievance and is largely irrelevant to the analysis of his fundamental fairness claim. Rather, a trial error was the root cause. The law clearly permits the State to remedy a trial error, and double jeopardy principles do not apply. The constitutional goals were satisfied in this case and defendant received the relief the law compels: his conviction was vacated.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION