NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5732-14T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

ERIC MENZZOPANE,

 Defendant-Appellant.

 Argued April 26, 2017 – Decided July 11, 2017

 Before Judges Alvarez, Accurso, and Manahan.

 On appeal from the Superior Court of New
 Jersey, Law Division, Mercer County, Municipal
 Appeal No. 2014-10.

 Matthew Whalen Reisig argued the cause for
 appellant (Law Office of Reisig & Associates,
 LLC, attorneys; Mr. Reisig, on the brief).

 Alycia Pollice Beyrouty, Assistant
 Prosecutor, argued the cause for respondent
 (Angelo J. Onofri, Mercer County Prosecutor,
 attorney; Michael D. Grillo, Assistant
 Prosecutor, on the brief).

PER CURIAM

 Defendant Eric Menzzopane entered a conditional guilty plea

in the Lawrence Township Municipal Court to driving while
intoxicated (DWI), N.J.S.A. 39:4-50, specifically preserving his

right to appeal the denial of two motions: for a change of venue

and for the recusal of the conflict judge. We now affirm the Law

Division's July 10, 2015 decision also denying the motions.

 In the beginning of the plea colloquy in the municipal court,

counsel said:

 Oh, the defendant at this point Judge is
 going to enter a conditional guilty plea
 pursuant to New Jersey Court Rule 7:6-2C which
 provides that the defendant will be pleading
 guilty, albeit reserving his right to appeal
 the denial of the motions that the Court
 denied sua sponte here this morning without
 hearing argument that the defense wished to
 offer therein.

 . . . .

 [W]hile defendant's preserving his right to
 appeal the Court's pretrial denials of two
 motions on this morning's date, we'd ask that
 the motion filed on May 21st, 2014 and the
 correspondence in lieu of motion dated May
 22nd, 2014 be marked for the record and
 received by the Court as D-1 and D-2
 respectively.

 Counsel engaged in the following exchange when reviewing the

rights defendant was waiving because of his entry of a conditional

guilty plea:

 Q. And you're waiving certain
 constitutional rights.

 A. Yes.

 2 A-5732-14T3
 Q. And the Court alluded to this.
 You're waiving your right to go to trial
 and/or in this case to go forward on your
 motion to suppress.

 A. Yes.

 Q. And you're waiving that right
 freely, voluntarily and intelligently.

 A. Yes, sir.

 Q. You're waiving your right to have me
 confront Sgt. Dimeglio. We had a flavor of
 that on March 28th, 2014, although I certainly
 didn't get to ask all of the questions that I
 wished to do so of Sgt. Dimeglio before that
 case was terminated.

 A. Yes.

 Q. And by pleading guilty, you're
 waiving your constitutional right to have me
 confront that Sergeant.

 A. Yes.

After defendant's sentence, the other motor vehicle charges

against him were dismissed, including: failure to maintain lane,

N.J.S.A. 39:4-88(b); reckless driving, N.J.S.A. 39:4-96; DWI in a

school zone, N.J.S.A. 39:4-50(g); and driving while on the revoked

list, N.J.S.A. 39:3-40.

 At the earlier March 28, 2014 pretrial suppression hearing,

Officer Christopher DiMeglio of the Lawrence Township Police

Department testified that the stop occurred on September 21, 2012,

at approximately 2:11 a.m. He "observed [defendant's] vehicle

 3 A-5732-14T3
entering the traffic circle at a high rate of speed, high enough

that [he could] hear the tires squealing." DiMeglio had been

speaking to another motorist he had pulled over when he made the

observation. DiMeglio immediately followed, and saw the vehicle

proceeding through a red light as the color was changing. He

continued to follow, and noticed defendant drove "on the right fog

line and then mov[ed] within the lane, right to left."

 DiMeglio could not recall if the vehicle "actually touched

the double yellow line," however, he saw it move from the right

fog line to near the left. He sped up "significantly," but could

not estimate the speed at which defendant was traveling.

 DiMeglio acknowledged that he did not observe the vehicle for

very long and saw it on the fog line only once. On cross-

examination, he was questioned regarding the police report he

authored and the video recording of the stop.

 DiMeglio's report stated that the vehicle had gone over the

fog line, but he testified that the vehicle was simply on it.

Defense counsel extensively questioned DiMeglio regarding this

distinction and his use of the terms "over" and "on."

 As cross-examination continued, the municipal court judge

interjected, concerned that counsel was being argumentative with

the witness, and was otherwise engaging in improper cross-

examination. A few minutes later, defense counsel accused the

 4 A-5732-14T3
judge of raising his voice to him, and from the transcript, it

appears defense counsel and the judge had a somewhat heated

exchange. The defense attorney demanded that the judge recuse

himself. The judge acceded to the request, and terminated the

hearing to allow for the appointment of a replacement or conflict

judge and prosecutor.

 In the interim, on April 3, 2014, counsel requested that the

municipal prosecutor provide him with DiMeglio's last twenty-five

motor vehicle narrative police reports prepared prior to

defendant's stop. When no response was received, defendant filed

a motion to compel discovery. The parties then met with the

conflict judge in chambers, and discussed the matter. The conflict

municipal prosecutor asked for an opportunity to review the motion.

 On May 19, 2014, defense counsel's law office received a

phone call from the deputy court administrator asking if defense

counsel's office had received the reports. According to a

certification supplied by the attorney who took the call, when

asked at whose behest she was calling, the administrator responded

that she was calling at the request of the municipal prosecutor.

The deputy court administrator also asked if counsel was satisfied

with the extent of the discovery provided given that the matter

was scheduled for trial at a special sitting on May 23. Two days

later, defense counsel filed a motion for disqualification of the

 5 A-5732-14T3
Lawrence Township Municipal Court on the basis of the phone call,

essentially a motion for change of venue, arguing that the call

violated the concept of separation of powers. See U.S. Const.

art. III, § 1; N.J. Const. art. III, ¶ 1.

 Also on May 19, in open court, while the conflict judge was

presiding in the Trenton Municipal Court, the conflict judge had

asked the prosecutor, who was also serving as the conflict

prosecutor in this case, "whether or not the discovery had been

provided to [defense counsel]."

 On May 22, the conflict judge also called defense counsel's

office asking if all discovery had been provided as he did not

wish to bring the parties to court unnecessarily. At that time,

counsel also alleges, the conflict judge stated he had asked a

member of court staff to speak with the municipal prosecutor to

confirm that discovery had been supplied.

 The conflict judge summarily denied defendant's motion for

disqualification of the Lawrence Township Municipal Court by way

of a brief email. In it he explained that the court

administrator's phone call to defense counsel's office was at his

request, not that of the municipal prosecutor.

 Defendant next submitted a letter seeking the recusal of the

conflict judge, claiming that the judge improperly engaged in ex

parte communication with the State.

 6 A-5732-14T3
 Thereafter, at the next court date, the conflict judge

repeated what he had previously said in emails —— that he had

asked the conflict prosecutor as to whether discovery had been

provided because the court date was a special session scheduled

for this particular matter, and he did not wish to bring in the

participants unnecessarily. He reiterated that he had called the

Lawrence Township Municipal Court and asked the deputy court

administrator to reach out to defense counsel because he was on

the bench and he would not have the time to do so himself. The

conflict judge again explained that the clerk did not speak

directly with the prosecutor, that she made the inquiry at the

court's direction, and that these were not ex parte communications

that were at all consequential, but merely contacts in aid of

scheduling. He therefore denied defendants' two motions.

 After the judge's ruling, defense counsel asked for the

opportunity to make further arguments in addition to those

contained in his briefs. His request for further argument was

denied, and the judge said again that the motions were denied. He

responded to defense counsel's questions regarding his

conversation with the prosecutor in open court. The judge added

that he did not know if his in-the-courtroom inquiry in the Trenton

municipal court was recorded, as the prosecutor was before him on

other matters, and that the inquiry "was a simple one sentence

 7 A-5732-14T3
request." After the two motions were denied —— the motion for

change of venue and the judge's recusal —— defendant entered his

conditional guilty plea.

 In the trial de novo in the Law Division, defense counsel

commenced argument by stating that "this defendant is before this

[c]ourt on two motions for recusal in the Lawrence Township

Municipal Court below which were denied without argument, allowed

by defendant in pursuit of his own motion, wherein a conditional

guilty plea was entered pursuant to Rule 7:6-2(c). That's why

we're here today." After arguing that the appeal was focused on

the conflict judge's failure to recuse himself or change venue,

and being told that the Law Division was preliminarily denying the

appeal but would issue a more detailed written decision to that

effect later on, counsel and the court engaged in the following

discussion on the record:

 [DEFENSE COUNSEL]: It's the motions for
 recusal, that's plural, that were denied below
 which compelled defendant to enter a
 conditional guilty plea pursuant to Rule
 7:6-2(c). It is also the --

 THE COURT: There is no compulsion.
 There is no finding of compulsion. It was a
 conditional guilty plea ---

 [DEFENSE COUNSEL]: Which he entered ---

 THE COURT: With the exception to
 appeal the issues of recusal.

 8 A-5732-14T3
 [DEFENSE COUNSEL]: Okay. As I was
 speaking, what is also before this [c]ourt,
 which was not addressed by this [c]ourt, is
 the record of the aborted truncated never
 decided motion to suppress because ---

 THE COURT: Which you failed to raise
 below.

 [DEFENSE COUNSEL]: That's not true.
 [1]
 Pursuant to State versus McLendon, M C L --
 -

 THE COURT: Sir, there is nothing in
 the record asking on your part for a decision
 in that matter. You pled guilty, you never
 sought the motion further, you didn't ask for
 clarification, and your client entered a
 guilty plea reserving his right to appeal on
 the recusal.

 [DEFENSE COUNSEL]: You're right as far
 as you go. But actually I was saying, pursuant
 to State versus McLendon, we provided to Your
 Honor for purposes of this [m]unicipal appeal
 the MVR. And we made argument that the denial
 of the recusal motions was injurious to
 defendant's due process rights because there
 was no basis to stop his motor vehicle in the
 first place. That is absolutely part of this
 Municipal appeal.

 And pursuant to State versus McLendon,
 Your Honor can sua sponte consider that which
 is why we gave you the MVR. And why we
 provided that transcript to Your Honor which
 was the previous transcript, which in this
 record is March 28, 2014. And why I spend in
 the brief submitted on behalf of this
 Municipal appeal from pages 18 through 20,
 argument about the underlying aborted
 truncated never concluded motion to suppress.

1
 State v. McLendon, 331 N.J. Super. 104 (App. Div. 2000).

 9 A-5732-14T3
 That is my complete answer to Your Honor's
 inquiry.

 THE COURT: All right. I'll provide
 a written decision covering all the issues in
 your brief. The appeal in whole is denied.
 Thank you, Counsel.

 In his thorough and cogent analysis, the Law Division judge

began by discussing Rule 1:2-1, which is interpreted as prohibiting

ex parte communications. He noted that the rule does permit ex

parte communication relating "only to ministerial scheduling

matters." State v. Morgan, 217 N.J. 1, 15 (2013). The judge also

expounded upon the fact that motions for recusal are entrusted to

the discretion of the judge to whom they are made, and require a

showing of prejudice or potential bias.

 The judge found the communications between the recusal judge

and the recusal prosecutor were related solely to the judge's

ministerial scheduling function, and were not barred by Rule 1:2-1.

He added that defendant failed to identify any evidence whatsoever

of either bias or prejudice as a result of the communication.

 Furthermore, with regard to the motion to suppress issue, the

judge distinguished McLendon, supra, 331 N.J. Super. at 104, the

case counsel relied upon. There the defendant appealed a DWI

conviction after a trial in the municipal court. Id. at 106. The

Law Division judge, concerned about the constitutionality of the

road block which led to the stop, reversed the conviction and

 10 A-5732-14T3
remanded the matter back to the municipal court for a new trial,

at which the constitutionality of the road block would be

addressed. Ibid. In that case, however, the remand arose after

conviction, not a plea. Ibid. The judge in this case found those

circumstances too dissimilar to the ones at hand.

 As the judge explained, in this case:

 [t]he defendant made a conscious decision to
 abandon the motion to suppress. The record
 is devoid of any suggestion that his waiver
 was involuntary or that the municipal court
 improperly denied him the opportunity to raise
 the suppression issue. Because he has failed
 to provide any showing [of] good cause, the
 court declines to address the merits of
 defendant's suppression motion.

 Now on appeal, defendant raises the following points:

 POINT I
 THE LAW DIVISION'S DETERMINATION THAT THE
 MUNICIPAL COURT JUDGE WAS NOT REQUIRED TO
 RECUSE HIMSELF UPON DEFENDANT'S MOTION AFTER
 AN ACKNOWLEDGED EX PARTE COMMUNICATION WITH
 THE MUNICIPAL PROSECUTOR SHOULD BE REVERSED
 BY THE APPELLATE DIVISION IN APPLYING THE
 CORRECT LEGAL STANDARD.

 POINT I-A
 THE DISCUSSION BETWEEN THE CONFLICT JUDGE AND
 THE CONFLICT MUNICIPAL PROSECUTOR ON MONDAY,
 MAY 19, 2014 IN THE TRENTON MUNICIPAL COURT
 CONSTITUTED AN EX PARTE COMMUNICATION, THE
 SUBSTANCE OF WHICH IS UNKNOWN.

 POINT I-B
 THE EX PARTE COMMUNICATION BETWEEN THE
 CONFLICT JUDGE AND THE CONFLICT MUNICIPAL
 PROSECUTOR REQUIRED THE FORMER'S RECUSAL AS
 THE MOTION/TRIAL JUDGE.

 11 A-5732-14T3
 POINT I-C
 THE CONFLICT JUDGE ERRED BY FAILING TO UTILIZE
 THE THREE-PERSON TECHNIQUE UNDER N.J.S.A.
 2A:15-50 TO DECIDE THE DEFENDANT'S MOTIONS FOR
 DISQUALIFICATION.

 POINT II
 THE FACT OF THE IMPROPER EX PARTE
 COMMUNICATION BETWEEN THE CONFLICT JUDGE AND
 CONFLICT MUNICIPAL PROSECUTOR IS PARTICULARLY
 DISTURBING SINCE THE DEFENDANT'S UNDERLYING
 CASE ON THE CONSTITUTIONALITY OF THE
 WARRANTLESS MOTOR VEHICLE STOP WAS
 MERITORIOUS.

 We consider the issues raised to be so lacking in merit as

to not warrant further discussion in a written opinion, Rule

2:11-3(e)(2), and deny this appeal essentially for the reasons

stated by the Law Division judge.

 We add only the following. Rule 7:6-2(c) controls the entry

of conditional pleas. It states that "a defendant may enter a

conditional plea of guilty, reserving on the record the right to

appeal from the adverse determination of any specified pretrial

motion." In our view, the rule's plain language limits the

contours of any such appeals, including this one.

 It is apparent from the sections of the transcript that we

have quoted that when the conditional plea was entered, defendant

specifically waived his right to address the motion to suppress

any further, while preserving his right to address the denial of

two motions: one for recusal and the other for a change of venue.

 12 A-5732-14T3
Having preserved only those issues, and having gained the benefit

of substantial dismissals, it would be inequitable to now reach

the suppression motion. This is a very different situation, one

in which defendant gained a substantial benefit and deliberately

abandoned a claim, than the scenario in McLendon. There, the

remand was allowed to allow the defendant to "raise a

constitutional issue belatedly asserted, rather than deem it

waived because not properly raised." McLendon, supra, 331 N.J.

Super. at 109. Here, defendant abandoned his suppression motion.

 Affirmed.

 13 A-5732-14T3